E. W. GUEST et al., Appellants,

v.

Pearl D. Guest BIZZELL et al., Appellees.

No. 3076.

Court of Civil Appeals of Texas.

Eastland.

May 7, 1954.

Rehearing Denied June 4, 1954.

Ralph Norvell, Waco, for appellants.

D. T. Bowles, J. G. Harrell and L. H. Welch, Breckenridge, for appellees.

LONG, Justice.

This suit was brought by Pearl D. Guest Bizzell to have the will of W. M. Guest, deceased, construed. The remaindermen under the terms of the will were all made parties to the suit. W. M. Guest executed his will on September 7, 1943 and died on August 5, 1946. The will was thereafter admitted to probate in Stephens County, Texas. The pertinent parts of such will relating to the question before us are as follows:

"I hereby give and bequeath to my beloved wife, Pearl D. Guest, my home place, consisting of 1070 acres of land on which we now live and located just north of Frankell in Stephens County, Texas, together with the household goods, automobile and all livestock on said premises at the time of my death, together with all tools, farming equipment and machinery to be by her used and enjoyed during her natural lifetime, and at her death the remainder of said estate to pass to and vest in fee simple in my heirs as hereinafter provided.

"To enable my beloved wife to carry out the terms of this will, I hereby empower her and hereby authorize and direct that she may execute any farm or grazing lease, oil, gas and mineral leases, drilling contracts, and to sell, and convey any part of such property as may be necessary during her lifetime for the purpose of meeting her expenses in life and to pay any doctor or hospital bills incurred and necessary, and to execute bills of sale, deed of conveyance to such property as may be made necessary to be sold by her for the purposes hereinabove specified."

After the death of W. M. Guest, his widow married J. W. Bizzell who joins his wife in this case. Plaintiff requested the trial court to construe the will of W. M.

Guest and answer the following questions: (1) Does plaintiff, Pearl D. Guest Bizzell, have the authority to execute valid oil and gas leases on the land belonging to the estate of W. M. Guest, deceased? (2) Who is entitled to the bonus and rentals payable under the terms of such lease? (3) Who is entitled to the royalties that may become due and payable under the terms of such lease? The remaindermen answered and also asked that the will be construed and in addition to the questions propounded by plaintiff, asked the court to construe the will in the following particulars:

"(a) Said will provides in substance that the testator bequeaths to his wife Pearl D. Guest a 1070 acre tract of land together with the household goods, automobile, livestock, tools, etc., to be enjoyed by her during her natural lifetime, with the remainder to the brothers and sisters of the deceased or their heirs.

"The said will then recites as follows: 'To enable my beloved wife to carry out the terms of this will, I hereby empower her and hereby authorize and direct that she may execute any farm or grazing lease, oil, gas and mineral leases, drilling contracts, and to sell and convey any part of such property as may be necessary during her lifetime for the purpose of meeting her expenses in life and to pay any doctor or hospital bills incurred and necessary, and to execute bills of sale, deeds of conveyance to such property as may be made necessary to be sold by her for the purposes hereinabove specified.'

"(1) Do the provisions above quoted limit the use of all money derived from said lands solely to the payment of her necessary expenses in life and to the payment of any doctor or hospital bills incurred and necessary and for no other purpose or purposes?

"(2) If the above question is answered 'No', then for what other purposes may said money or any part thereof be used?

"(3) Define the import and meaning of the following clause as used in said will:

"'As may be necessary during her lifetime for the purpose of meeting her expenses in life.'

"(b) Under the above will, in what way or manner and by whom shall the question of fact as to the term 'necessary' be determined?

"(c) Did the plaintiff acquire the right to use the bonus payment under the oil and gas lease or leases upon said property for purposes other than necessary living expenses and to meet hospital expenses?"

The remaindermen also asked that a receiver be appointed to take charge of the estate of W. M. Guest, deceased. The trial court, in its judgment, made the following findings:

"3. The court finds that under the will of W. M. Guest, deceased, the plaintiff Pearl D. Guest Bizzell, his surviving wife, has the full authority to execute valid oil and gas mining leases without the joinder of the heirs of W. M. Guest, deceased.

"4. The court further finds that the plaintiff Pearl D. Guest Bizzell is entitled to receive all bonus and rental payments under the terms of any oil and gas lease executed by her and is entitled to use the same for the payment of her expenses in life and doctor and hospital bills.

"5. The court further finds that the plaintiff Pearl D. Guest Bizzell is entitled to receive the royalty that may become due and payable under the terms of any oil and gas lease and is entitled to use the same for the purpose of meeting her expenses in life and to pay doctor and hospital bills.

"6. The court further finds that the provisions of the will of W. M. Guest, deceased, do limit the use of the rentals,

bonuses and royalties received from said land solely to the payment of her necessary expenses in life and to the payment of doctor and hospital bills but the amount of such expenses and bills shall be based upon her own judgment and discretion.

"7. The court further finds that the plaintiff Pearl D. Guest Bizzell may expend any of the monies receeived by her in accordance with her best judgment for the purpose of meeting her expenses in life and to pay doctor and hospital bills, so long as she is not guilty of waste, fraud or wrongdoing.

"8. The court further finds that the clause in the will of W. M. Guest, deceased, reading: 'as may be necessary during her lifetime for the purpose of meeting her expenses in life', means that the plaintiff Pearl D. Guest Bizzell may use the funds received by her as proceeds from bonuses, rentals, royalties or sale of property to pay any legitimate and necessary expense of her maintenance and support and to pay doctor and hospital bills based upon her own judgment and discretion so long as she is not guilty of waste, fraud or wrongdoing.

"9. The court further finds that the question of fact as to what is 'necessary' is to be determined by the plaintiff Pearl D. Guest Bizzell, acting in good faith.

"10. The court further finds that the plaintiff Pearl D. Guest Bizzell acquired the right by the terms of said will to use the bonus payments under oil and gas leases upon said property for the purpose of meeting her expenses in life and to pay doctor and hospital bills as deemed necessary by her."

The court entered judgment in keeping with the above findings and also refused to appoint a receiver. From this judgment, the remaindermen have appealed.

 Appellants, by their first point, urge that the trial court erred in adjudging that an oil and gas lessee claiming under a lease executed by appellee alone as a purported exercise of the power to consume, is not required to examine into the necessity for such exercise of power. We do not agree with this contention. It will be noted that the trial court found that under the terms of the will, appellee was authorized to execute any oil or gas lease on the existence of a necessity for her support and maintenance and that her decision on the question of the existence of such necessity is conclusive. Assuming, without deciding, that under the terms of the will of W. M. Guest appellee was not authorized to execute an oil and gas lease on the lands belonging to the estate unless a necessity existed to pay her support and maintenance or doctors and hospital bills, we believe the court was correct in holding that appellee was authorized to make said leases without the joinder of any other person and that the lessee in such oil and gas leases shall not be required to examine into the necessity for such oil and gas lease. Under the terms of the will of W. M. Guest, his wife was given the land belonging to his estate to be used and enjoyed by her during her lifetime and at her death the title should vest in remaindermen named in the will. The will further provided that in order for appellee to carry out the terms of the will she might lease the land for agricultural and farming purposes, execute oil, gas and mining leases and drilling contracts and to sell any part of the land that may be necessary for her support and maintenance and to pay doctor and hospital bills, his wife was appointed executrix of his estate without bond and the testator directed that no action be taken in the probate court other than to prove and record his will and return an inventory and appraisement of his estate and a list of claims. We believe when the will is construed from its four corners that appellee was authorized to execute oil and gas leases on the land belonging to the estate without the joinder of any other parties. We further hold that a decision on the question of whether the execution of an oil and gas lease was necessary rested with appellee and that so long as she acted in good faith

and not merely for the purpose of defeating the rights of the remaindermen, her decision on the question is final. We have been unable to find any decisions in Texas bearing directly upon this question but the following statement from 33 Am.Jur., page 731, is applicable here:

"The question whether a sale of property in which a life estate has been granted is necessary to the support of a life tenant is generally considered by the courts as committed to such tenant's discretion, where he is given a power of sale for the purpose of support and maintenance. A decision by the donee of such power, on the question of the existence of necessity upon which the power to sell property is conditioned, is conclusive in the absence of fraud."

The rule is again stated in 69 C.J., 838, as follows:

"Under a power to sell or dispose of property if the donee deems it necessary, or advisable, so to do, the donee is the sole judge of the necessity or advisability of a sale or other disposition of the property, and his judgment is not subject to the control of, or review by, the court, subject only to the proviso that he must act in good faith, and not merely for the purpose of defeating the rights of remaindermen or others entitled to such property as may remain undisposed of at the death of the donee or termination of the power. So there must be some reasonable ground for saying that an attempted disposition is necessary, or advisable; but it has been held that the burden of showing bad faith or misuse of the property is upon persons claiming that the exercise of the power was unauthorized."

By point 2, appellants assert that the court erred in holding that appellee is entitled to expend the proceeds of oil and gas leases for expenses of life solely in her judgment and discretion. We find no merit in this point. As heretofore stated, under the will of W. M. Guest, his wife was given the land belonging to the estate to use and enjoy for her life. The court held she was authorized under the will to execute oil and gas leases to pay her necessary support and maintenance. We believe the will shows that the testator intended for his wife to use the proceeds of oil and gas leases for her support and maintenance without interference by the courts. He so directed in his will. The rule laid down in 33 Am.Jur., 729, is applicable here.

"A life tenant has a right to the entire income of property or of so much thereof as is devised to him, depending on the context of the particular will, and is entitled to encroach on any or all of the principal of the estate, or the proceeds of a sale of the whole or any part thereof, if such encroachment is necessary for the purpose of obtaining a comfortable support and maintenance for himself, and is made in good faith and not for the purpose of defrauding the remaindermen, where a will gives a life interest by its express terms, with the power of disposing of part or all of the property for the particular purpose of the support and maintenance of the life tenant, with a valid gift over to others which may be disappointed by the exercise of the life tenant's power and the application of the principal to the purposes indicated. He cannot, however, use the corpus for another purpose, nor give it away nor waste it; nor can he devise it, either by will or by a deed operating as a testamentary disposition."

By their third point, appellants contend the trial court erred in denying their application for the appointment of a receiver. As grounds for the appointment of a receiver, appellants alleged that appellee had received and expended the proceeds from the estate of the deceased in excess of that authorized under the terms of the will; that she had expended money derived from the estate for purposes other than were necessary in meeting her expenses in life and in payment of doctor and hospital bills. They further alleged that appellee will continue so to do in the future. If the grounds

alleged were sufficient to authorize the appointment of a receiver, we would not reverse the judgment because we must presume the trial court found adversely to appellants on the facts. It is certainly not couclusively shown that appellee had received and expended proceeds from the estate in excess of that authorized under the terms of the will. Appellees ask the judgment of the trial court be affirmed, and we, therefore, confine our decision strictly to the points presented by appellants.

We have carefully examined all points of error raised by appellants and find no merit in any of them.

The judgment is affirmed.