**Ed TACKER, Petitioner,**

v.

**Jack PHILLIPS, Respondent.**

No. B–2927.

Supreme Court of Texas.

Nov. 10, 1971.

Bradley & Geren, L. L. Geren, Carl Cannon, Groesbeck, for petitioner.

W. A. Keils, Jr., Teague, Don S. Caldwell, Jr., Mexia, for respondent.

PER CURIAM.

This suit was brought to recover the balance due on a contract whereby the plaintiff agreed to construct a building for the defendant. The defendant furnished the material. The plaintiff's pleadings alleged that he had substantially performed the work as set out in the contract. The trial court, upon a finding by the jury that the contract had been substantially performed, awarded the balance due on the contract to the plaintiff in a judgment for $2250.00 which included $750.00 in attorneys' fees. The case was before the court of civil appeals on an agreed statement of facts in which the parties agreed that there was ample evidence to sustain the jury's answer that the contract had been substantially performed and that the plaintiff was entitled to recover the $1500.00 in damages under the contract sued upon. The parties further stipulated that the only question before the court of civil appeals or this Court was "whether or not Plaintiff herein

1

was entitled to attorney fees under the pleadings." The parties stipulated that in the event the plaintiff is entitled to attorneys' fees, the $750.00 awarded in the trial court was reasonable and necessary. The court of civil appeals held that the contract in question was one for a product or a general service, and it concluded attorneys' fees were not authorized under Article 2226, Vernon's Annotated Texas Statutes. The court of civil appeals reformed the trial court's judgment by deleting the $750.00 recovery of attorneys' fees and affirmed the judgment in all other respects. 469 S.W.2d 596.

This decision is in conflict with the opinion of this Court in Tenneco Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex. Sup.1970). In *Tenneco*, we said in regard to the purpose of Article 2226, that "we are convinced that it was intended to apply only to claims for personal services rendered, labor done or materials furnished by the claimant for or to the person or corporation against which the claim was asserted." The plaintiff in this case alleged that he "agreed to perform the work as set out in said contract." The contract is clearly one for labor and not for a product or a general service. The defendant's answer did not challenge the fact that the plaintiff did the work, but rather complained of the manner in which it was performed. As we said in *Tenneco*, "We are not to be understood as holding that claims for personal services rendered and labor done cannot be founded upon contract. A contract for purely personal services or for labor only will support an award of an attorney's fee." The contract here is one wherein the plaintiff agreed to perform labor for the defendant, and therefore he is entitled to a recovery of attorneys' fees as provided for in Article 2226.

Pursuant to the provisions of Rule 483, Texas Rules of Civil Procedure, we reverse the judgment of the court of civil appeals on the application therefor without granting the writ of error, and affirm the judgment of the trial court.