Robert ALPERT, Appellant,

v.

JARRELL CARPENTRY COMPANY, Appellee.

No. 18324.

Court of Civil Appeals of Texas, Dallas.

May 2, 1974.

Michael Lowenberg, Akin, Gump Strauss, Hauer & Feld, Dallas, for appellant.

Marshall W. Dooley, Herndon, Girand, Smith & Kolodey, Dallas, for appellee.

GUITTARD, Justice.

Jarrell Carpentry Company, a partnership, sued Robert Alpert on an oral contract for home repairs and remodeling. On trial the jury found in answer to special issues (1) that plaintiff did not substantially perform in accordance with the terms and specifications of the contract between the parties, (2) that the balance due and owing to plaintiff from defendant after allowance of all proper offsets, credits and payments in favor of either party was $830.03, and (3) that the amount of a reasonable fee for plaintiff's attorney was "none." The trial court rendered judgment for plaintiff in the amount found by the jury and denied plaintiff's claim for attorney's fee. Defendant appeals, contending in his single point of error that in view of the finding that plaintiff did not substantially perform its contractual obligation, it was not entitled to any recovery in absence of findings of the reasonable value of any benefits to defendant from plaintiff's work. By cross-point, plaintiff complains of denial of the attorney's fee. We affirm.

### 1. *Substantial performance*

We overrule defendant's point because we conclude that recovery for part performance is allowed by the terms of the oral contract and that the answer to the substantial performance issue does not establish that the work was defective.

The contract was made between Dock Jarrell, one of the partners in plaintiff Jarrell Carpentry Company, and William H. Carter, agent for defendant Alpert. According to Carter's testimony, he gave Jarrell a written list of items of work to be done, which included renovation of the interior and exterior of the house. He testified that he agreed with Jarrell that the work would be performed on a time-and-material basis plus thirty percent because they could not determine the exact extent of the work. He testified that he also told Jarrell that if the work was not progressing satisfactorily, plaintiff would be asked to leave the job.

According to Jarrell, no list was provided but he and Carter walked through the house and Carter pointed out what defendant wanted done. Jarrell testified that he agreed to do the work for time and materials plus thirty percent, and that it was agreed that he could be paid off and terminated at any time.

After this agreement was made, plaintiff began the work on a Wednesday. At the end of that week or the following Monday plaintiff submitted an invoice in the amount of $1,704.05, and defendant paid it. During the second week a dispute arose as to whether the paint on the garage was the right color. Defendant complained to Carter that the color was wrong and also that the work was not progressing satisfactorily. Carter made an inspection and then, on Wednesday of the second week,

notified Jarrell that plaintiff's employment was terminated. Plaintiff submitted a second invoice for $2,406.50 for labor and materials plus thirty percent, but defendant refused to pay. Defendant employed another contractor to finish the work and paid him a total of $12,500. This contractor testified as witness for defendant that of that total charge, $3,050 was for correcting and repairing plaintiff's work, and that the reasonable value of all the work performed by plaintiff, including that for which plaintiff had been paid, was "roughly a thousand dollars."

Plaintiff sued on a sworn account for the alleged balance of $2,406.50, and in the alternative for that amount on the express contract, and in the further alternative in quantum meruit alleging the reasonable value of plaintiff's services to be in the same amount.

Defendant contends on this appeal that the contract does not permit recovery according to its terms unless plaintiff performs the work in substantial compliance with the contractual terms and specifications. He construes the jury's finding that plaintiff did not substantially perform as a finding that the work as performed was defective rather than incomplete, and, consequently, he argues that plaintiff was not entitled to recover on the contract on a time-and-material basis and, since the jury made no finding of the value of any benefits to defendant, neither was it entitled to recover on a quantum meruit basis.

■ We do not agree that the finding of no substantial performance established that the work done was defective. Although no definite plans and specifications were established for the job, the undisputed evidence shows that at the time plaintiff's services were terminated, plaintiff had performed only part of the work discussed by Jarrell and Carter at the time the contract was made. The court's charge did not limit "substantial performance" to that part of the work actually done by plaintiff at the time of termination. The

issue inquired whether plaintiff substantially performed "in accordance with the terms and specifications in the contract," and an instruction accompanying the issue defined "substantial performance" as "performance by the plaintiff of all important and essential particulars of the contract, with only such omissions or deviations from the contract as are inadvert and unintentional, are not due to bad faith, and are merely trivial defects or omissions." Under this issue and instruction the jury could well have understood "terms and specifications of the contract" to include all the work discussed by the parties, and according to this interpretation would have had no alternative under the undisputed evidence but to answer, as they did, that plaintiff "did not substantially perform," without determining the quality of the performance. Since defendant had the privilege under the contract to terminate plaintiff's employment at any time on payment at the contract rate for work done, we hold that the contract permits recovery for partial performance and that the finding that defendant did not substantially perform does not bar recovery on the contract for the work done to the time of termination.

The amount of plaintiff's recovery is established by the answer to the second special issue, which inquired the balance due the plaintiff from defendant "after the allowance of all proper offsets, credits and payments, if any, shown by a preponderance of the evidence to exist in favor of either party." Defendant objected to this issue on various grounds, but has not brought those objections forward because he limits his prayer to one for rendition of judgment in his favor and expressly states that he would rather that the case be affirmed than remanded for a new trial. In this state of the record, we must affirm, since we find ample basis in the record for recovery on the contract of an amount in excess of the $830.03 found by the jury. Apparently the jury allowed some items of plaintiff's claim and disallowed others. This verdict was permissible in view of the broad language of the issue. Defendant's

only argument here is that no recovery was proper in absence of a finding of the value of benefits to defendant, and we reject that argument for the reasons above given.

### 2. *Attorney's fee*

By cross-point plaintiff complains that the trial court erred in denying recovery for its attorney's fee notwithstanding the jury's answer of "none" to the issue inquiring the amount of a reasonable fee. Plaintiff argues that the court should have disregarded this finding and rendered judgment in its favor for the amount of a reasonable fee because it was entitled to an attorney's fee as a matter of law under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon's Supp.1974).[1] Plaintiff asks us to remand the case with instructions to the trial court to find the amount of a reasonable fee.

■ This cross-point is overruled because the case does not fall within any of the classes of cases enumerated in article 2226 as construed by the supreme court in Tenneco Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex.1970), and we conclude that the subsequent amendment of that article does not broaden it enough to cover this case. We do not, however, rest our decision on the ground that the suit is on a "special contract," as distinguished from a suit for the value of labor and materials, since the *Tenneco* opinion apparently rejects the "special contract" limitation. *Tenneco* was a suit by an oil-well drilling contractor for drilling a test well for an agreed price per foot. The controlling question was whether the suit was one for "personal service," "labor done," or "mate-

rial furnished" within those terms as used in article 2226. In holding that it fell into none of these classes, Chief Justice Calvert, speaking for a majority of the court, expressly disavowed any holding that claims for "personal services" or "labor done" cannot be founded upon contract and said that a contract for purely personal service or for labor will support an award of an attorney's fee. He gave the statute a strict construction, however, on the theory that it was "penal in character." Under this strict construction he held that "personal services" meant "only those claims for services rendered by the claimant personally," and that "labor done" meant "a physical exertion type of personal service." He concluded that although the contractor's employees may have rendered such "personal services" to the contractor or may have performed "labor" for the contractor, they did not render "personal services" to or perform "labor" for the owner of the lease against whom the claim was made. On this point the opinion holds:

[A] suit based primarily upon a contract for a product or for a general service will not authorize an award of an attorney's fee merely because performance of the contract may require employment of others to render personal services or to perform labor.

Although the Chief Justice did not explain the term "general service," we gather that he meant any service other than "personal service" or "labor" as defined in the opinion.

*Tenneco* also holds, following the same line of reasoning, that the claim in that case was not for "material furnished" within article 2226 because any materials

1. The pertinent language of article 2226 is as follows:

Any person, *corporation, partnership or other legal entity* having a valid claim against a person or corporation for services rendered, labor done, material furnished, over charges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. [Italicized language added by 1971 amendment.]

involved were furnished to and paid for by the contractor in performance of its contract rather than furnished to the defendant against whom the claim was made.

This construction of the statute by the majority in *Tenneco* would exclude recovery of an attorney's fee by plaintiff in this case. The painting and carpentry work billed to defendant was not "personal service" rendered to defendant or "labor done" for the defendant, but was labor done for plaintiff, who presumably paid the workmen for it. The materials were likewise furnished to plaintiff rather than to defendant and were used by plaintiff in performing its contract with defendant. Moreover, the thirty-percent fee or profit billed to defendant under the terms of the oral contract was not a charge for "personal service" or for "labor done" in the narrow sense defined in *Tenneco*, and, therefore, falls into the general category of compensation for a "general service," for which no attorney's fee may be allowed.

Plaintiff cites Tacker v. Phillips, 473 S. W.2d 1 (Tex.1971) in support of its contention that it is entitled to an attorney's fee under article 2226. We do not understand *Tacker* as broadening the construction of the statute beyond that given in *Tenneco*, since *Tacker* is expressly based on *Tenneco*. In *Tacker* the contract was held to be "one for labor and not for a product or a general service" in view of the fact that defendant supplied the material and plaintiff agreed to perform the labor only. The opinion does not discuss whether the work was done by plaintiff personally rather than by his employees and the court explains only that defendant's answer "did not challenge the fact that the plaintiff did the work, but rather complained of the manner in which it was performed."

The question remains as to whether the 1971 amendment to article 2226 broadens its coverage to include the present case. *Tenneco* was decided before that amendment and involved a corporate plaintiff. The majority held in *Tenneco* that a corporation may be the owner of a claim for "material furnished" under article 2226 but may not be the owner of a claim for "personal services rendered" or "labor done," since such services or labor would necessarily be performed or done by employees working for the corporation rather than for the defendant. In a concurring opinion, Justices Walker and Greenhill expressed the view that a corporation may recover an attorney's fee when the claim is strictly for "labor done" or "personal services rendered" by the corporation, through its employees, to defendant. 453 S.W.2d 821. The amendment apparently gave legislative sanction to the view expressed in the concurring opinion, since it inserted the words "corporation, partnership, or other legal entity" after the words "Any person" at the beginning of the statute. Conceivably, the amendment may be construed not to adopt the concurring view, since the Chief Justice's majority opinion is not based on the theory that a corporation was not a "person" within the statute, but rather on the theory that an employer may not be considered the owner of a claim for "personal services rendered" or "labor done" by his employees for the purpose of recovering an attorney's fee under article 2226. Adherence to this reasoning in construing the amended statute, however, would nullify the amendment, since insertion of the word "corporation" would then have no effect. The importance of the question to the present case lies in the fact that the amendment also inserted "partnership," which applies to the present plaintiff, and no reason appears for distinguishing between claims of corporations and partnerships in this respect.

We need not decide this question, since we conclude that even if the amendment does broaden the statute to the extent that it permits recovery of an attorney's fee in a suit for "personal services rendered" and "labor done" by employees of the claimant, the amendment does not go so far as to allow an attorney's fee in a suit on a contract "for a product or a general service," as distinguished from "personal services

rendered" or "labor done."  In view of the fact that the present claim includes the thirty-percent contractor's fee or profit provided by the contract and also includes materials furnished to plaintiff in performing its contract with defendant, we hold that the present suit is not "for purely personal services or for labor only," or for "material furnished," but is "based primarily upon a contract for a product or for a general service," which will not authorize the award of an attorney's fee.[2]

We recognize that this holding, like many decisions construing article 2226 in recent years, seems to rest on narrowly technical grounds unrelated to any consideration of whether fairness and justice would permit an award of attorney's fees to one successful litigant and deny it to another.  These technicalities are inherent in a statute which selects certain classes of litigants for favored treatment.

Affirmed.

2.  Although plaintiff's petition in this case is in the form of a sworn account, no contention is made that the suit is "founded on a sworn account" within article 2226.  For construction of this class of suits as limited to cases "in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other," see Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.1962); Meaders v. Biskamp, 159 Tex. 79, 82, 316 S.W.2d 75, 78 (1958).