**Leroy HOWARD, Appellant,**

v.

**FRENCH–BROWN FLOORS CO., Appellee.**

No. 19006.

Court of Civil Appeals of Texas, Dallas.

Oct. 7, 1976.

Larry R. Boyd, Dallas, for appellant.

Wayne A. Johnson, II, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

French-Brown Floors Company brought this action against Leroy Howard for breach of contract and in the alternative quantum meruit. Following a nonjury trial, judgment was rendered against Howard in the amount of $664.15 together with attorney's fees in the amount of $690. Findings of fact and conclusions of law were neither requested nor filed.

Howard bases his appeal upon the contentions that: (1) There was no contract between him and French-Brown; (2) the trial court erred in finding him liable for payment on the theory of quantum meruit; and (3) the trial court erred in assessing attorney's fees against him. We find there was sufficient evidence to support the trial court's judgment based on an express contract and that attorney's fees were properly awarded under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1975). Accordingly, we affirm the judgment of the trial court.

Appellant Howard entered into a contract with a contractor, J. Harvey Richey, for construction and subsequent purchase of a townhouse upon land owned by Richey. Thereafter, Howard, accompanied by another person, went to French-Brown's place of business and selected custom design flooring and approved a floor design plan for the townhouse. It is disputed as to whether this person was Howard's interior designer or Richey. After Howard approved the floor plan, he instructed the appellee French-Brown to prepare and forward the specifications to him. French-Brown forwarded these specifications on April 6, 1972. Since the flooring was to be custom designed, French-Brown requested a downpayment of one-half of the purchase price. A check for the downpayment signed by Richey was forwarded to French-Brown on June 13, 1972. Installation was scheduled on July 15, 1972, but the floor was not installed until on or about March 30, 1973, because of delays in construction. During the interim, French-Brown conducted telephone conversations with both Howard and Richey. Richey directed French-Brown to begin installation of the flooring, but Howard specifically directed that the flooring not be installed since construction had been delayed and the flooring would be ruined.

During the first conversation between French-Brown and Richey, he referred to the flooring as "Mr. Leroy Howard's floor." After an on-site inspection by Mrs. Brown, the corporate secretary of French-Brown, she decided that the installation of flooring should be delayed.

Sometime in January 1973, Howard became dissatisfied with the services provided by Richey and entered into an agreement to purchase the realty and townhouse thereon in its incomplete state if Richey would transfer good title by warranty deed and assure Howard that all subcontractors' claims due and owing as of the date of closing would be paid. As a result of this agreement, the real estate transaction was closed in the latter part of January 1973. There is no evidence to show that French-Brown had actual notice of the fact that Howard did not own the property all of the time, and there is no evidence in the record to show any custom of the trade. After Howard closed the real estate transaction in February 1973, another contractor resumed construction of the townhouse. Subsequently, Howard personally contacted French-Brown and directed that the flooring be installed. The flooring was installed on or about March 30, 1973, and an invoice sent to Howard. Approximately three weeks later, Howard hand-delivered a letter to French-Brown stating that he was not liable for the amount in the invoice and that French-Brown should look only to Richey for payment.

When an appellant appeals from a judgment rendered in a nonjury trial without requesting findings of fact and conclusions of law, we must assume that the trial court's findings are all in support of its judgment, and the judgment must be affirmed if there is evidence of probative force to support it upon any theory authorized by law. *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968); and *City of Abilene v. Meek,* 311 S.W.2d 654, 656 (Tex. Civ.App.–Eastland 1958, writ ref'd).

Appellant Howard argues that he was not a party to the contract and that appellee entered into an agreement with Richey, the contractor, only. The evidence shows that Howard personally selected the flooring at French-Brown's place of business and directed that the specifications be sent to him. Also, Howard personally approved the floor design plan prepared by French-Brown. According to Mrs. Brown, Richey was not even present during Howard's visit at French-Brown's place of business. It was upon the direction of Howard that French-Brown refrained from installing the flooring. Moreover, after Richey had been discharged and the new contractor hired, Howard personally directed the flooring to be installed. The only dealings between French-Brown and Richey were that Richey sent the downpayment to French-Brown and further directed the floor to be installed in contradiction to the orders of Howard. However, this fact is overshadowed by the fact that Howard had been dealing with French-Brown in this matter before French-Brown was even aware that Richey was involved as the contractor. Although Howard testified that he did not intend to personally contract with French-Brown, the trial court is not required to believe his controverted testimony. Testimony by an interested witness presents an issue to be determined by the trial court. *Owne Development Co. v. Calvert,* 157 Tex. 212, 302 S.W.2d 640, 642 (1957). In a nonjury trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Burk v. Mata,* 529 S.W.2d 591, 594 (Tex.Civ.App.– San Antonio 1975, writ ref'd n. r. e.). The testimony in this case constitutes sufficient evidence to support the trial court's judgment based upon an express contract.

Appellant Howard argues that in absence of a contractual provision for recovery of attorney's fees, a recovery can only be made pursuant to Tex.Rev.Civ.Stat. Ann. art. 2226 (Vernon Supp. 1975). *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914 (Tex.1967). He argues that *Tenneco Oil Co. v. Padre Drilling Co.,* 453 S.W.2d 814 (Tex.1970) prohibits recovery of attorney's fees if the services by French-Brown were provided or materials

were furnished to Richey and not appellant. We need not address this argument since we have held that the services and materials were furnished to appellant Howard under an .express contract. However, appellant also argues that this court in *Alpert v. Jarrell Carpentry Co.*, 510 S.W.2d 136 (Tex. Civ.App.–Dallas 1974, no writ) has refused to allow attorney's fees in an action.involving a product or general services. In *Alpert,* this court held that the suit was not for purely personal services or labor or materials furnished but was based primarily upon a contract for a product or for a general service. The holding was based upon the fact that all materials were furnished by the defendant, and the labor and services performed by the workmen were for the benefit of the plaintiff in order to provide a general service for the defendant. Moreover, a thirty percent contractor's fee for profit provided by the contract was not a charge for "personal services" as defined in *Tenneco.* Those facts alone distinguish *Alpert* from the case at bar. In *Tenneco,* our supreme court held that a corporation would be entitled to attorney's fees for "material furnished" under the statute. The majority of the court held a view that the corporation could not recover attorney's fees on a claim for labor done or for personal services rendered by the corporation. However, Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1975) was amended in 1971 to include within its coverage corporations, partnerships, and other legal entities. This amendment has apparently given legislative sanction to the view expressed in the concurring opinion in *Tenneco* which would have allowed attorney's fees for such a claim. Recently, attorney's fees have been awarded on behalf of the corporation which provided goods, merchandise, materials, and services. *Boysen v. Security Lumber Co.,* 531 S.W.2d 454 (Tex.Civ.App.–Houston [14th Dist.] 1975, no writ); and *Ambox, Inc. v. Steward & Stevenson Services, Inc.,* 518 S.W.2d 428 (Tex.Civ.App.–Houston [14th Dist.] 1975, writ ref'd n. r. e.). We agree with these opinions and hold that the recovery by a corporation for attorney's fees paid in collection claims for any services or materials furnished is authorized under the statute.

 Finally, appellant Howard questions the reasonableness of the amount awarded to the appellee French-Brown for attorney's fees on the basis that only the attorney representing appellee testified as to the value of his services. The record reveals that not only did appellee's attorney testify from his own knowledge concerning the reasonableness of the attorney's fees, but also Mrs. Brown testified that her firm had paid the attorneys the sum of $690 for their services. We hold that this evidence is sufficient to support the trial court's award of attorney's fees.

Finding no reversible error in this record, we affirm the judgment of the trial court.

Affirmed.