T J SERVICE COMPANY, Appellant,

v.

MAJOR ENERGY COMPANY,
INC., Appellee.

No. 1202.

Court of Civil Appeals of Texas,
Corpus Christi.

May 31, 1977.

Rehearing Denied June 23, 1977.

Thos. R. Hartnett, III, Dallas, for appellant.

William R. Anderson, Sorrell, Anderson & Sorrell, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In the form of a sworn account, T J Service Company, brought suit to recover for services rendered on wells owned and operated by Major Energy Company, Inc., along with reasonable attorney's fees and interest. Prior to trial defendant tendered the full amount of the debt in controversy into the registry of the court. After a non-jury trial, the court rendered a take nothing judgment and denied plaintiff's plea for attorney's fees and interest. Plaintiff appeals.

On the request of plaintiff, the trial court filed the following findings of fact and conclusions of law:

"FINDINGS OF FACT

1. a. Defendant, Major Energy Company, Inc., tendered to Plaintiff, T J Service Company, prior to the trial and during the trial, the sum of Six Thousand Eight Hundred Seventy and 60/100 Dollars ($6,870.00).

b. Such sum of Six Thousand Eight Hundred Seventy and 60/100 Dollars ($6,870.60) tendered by Defendant does represent the entire amount due Plaintiff from the Defendant for all services rendered by Plaintiff to Defendant.

c. Defendant has placed in the registry of the Court the sum of Six Thousand Eight Hundred Seventy and 60/100 Dollars ($6,870.60).

2. Defendant did not agree, in writing, to pay interest to Plaintiff.

3. The attorney's fee incurred by Plaintiff is One Thousand Two Hundred Fifty and No/100 Dollars ($1,250.00), but same was not proved to be reasonable in Nueces County, Texas.

CONCLUSIONS OF LAW

1. Defendant is entitled to a take nothing Judgment.

2. Plaintiff is not entitled to any interest from Defendant prior to date of Judgment by reason of its pleadings and proof.

3. Plaintiff is not entitled to recover any sums for attorney's fees. Under facts presented by Plaintiff, such Plaintiff may not recover attorney's fees under the provisions of Article 2226 of Vernon's Annotated Texas Civil Statutes.

4. Plaintiff is entitled to costs incurred in this action after it was transferred from Dallas County, Texas, to this Court."

Plaintiff in its point 1 contends that the trial court erred in ruling that it was not entitled to attorney's fees under Tex.Rev. Civ.Stat.Ann. art. 2226 (Supp.1976). Defendant asserts that attorney's fees may not be awarded under Article 2226 from a take nothing judgment because plaintiff did not "finally obtain judgment for any amount" of the claim. The statute, as amended, reads:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been

paid or satisfied, and *he should finally obtain judgment for any amount thereof as* presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence." (Emphasis supplied.)

■ The trial court was correct in ruling that plaintiff was not entitled to attorney's fees under Article 2226 as we will demonstrate. In order to recover attorney's fees under Article 2226, the claim must fall into one of the seven categories enumerated in the statute. The factual nature of this case requires consideration of only four of those categories; that is, whether the claim (1) is founded upon a sworn account or accounts, or constitutes (2) personal services rendered or (3) labor done or (4) material furnished. Appellant admits that this is a suit on a sworn account. In *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75, 78 (1958), the Supreme Court noted:

". . . It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other, and the relation of debtor and creditor is thereby created . . . It does not mean transactions between parties resting upon special contract. . . ."

The record here does not evidence a transaction whereby title to personal property passed from plaintiff to defendant and the transaction is not, therefore, of the type to which a sworn account applies.

The Supreme Court in *Meaders* also noted that a contract to drill an oil well is not included within the definition of a sworn account. On similar reasoning this Court has barred the use of this statute to recover on well reworking operations. *Vahlsing Christina Corporation v. Ryman Well Service, Inc.,* 512 S.W.2d 803, 815 (Tex.Civ.App. —Corpus Christi 1974, no writ). The development of the facts herein do not disclose the nature of the transaction involved. It does not appear from the record whether plaintiff was reworking wells for defendant even though the petition would seem to so indicate. A number of invoices contained in plaintiff's petition seek payment for "rig" and "pump" time. It is a fair inference from these allegations that such work was rendered in drilling and reworking operations. The pleadings and proof do not show, however, that the suit is founded upon a sworn account within the meaning of Article 2226. *Tenneco Oil Company v. Padre Drilling Company,* 453 S.W.2d 814, 818 (Tex.Sup.1970); *Mathews Construction Company, Inc. v. Jasper Housing Construction Co.,* 528 S.W.2d 323, 326 (Tex.Civ.App. —Beaumont 1975, writ ref'd n. r. e.). We hold, therefore, that plaintiff cannot rely on the sworn account provision of Article 2226.

■ For similar reasons, the plaintiff may not rely on the remaining categories of Article 2226. The contract between plaintiff and defendant is not before us. It is impossible to determine the nature of the rights and obligations of the parties to this contract. Numerous trial exhibits have not been brought up on appeal. A determination of whether the claim asserted is within the three remaining classes specified in Article 2226 requires our careful examination of well developed facts. The facts are sparse in the record here. See *Tacker v. Phillips,* 473 S.W.2d 1 (Tex.Sup.1971); *George Linskie Company v. Miller-Picking Corporation,* 463 S.W.2d 170, 173 (Tex.Sup. 1971); *Tenneco Oil Company v. Padre Drilling Company,* supra; *Alpert v. Jarrell Carpentry Company,* 510 S.W.2d 136, 139, 140 (Tex.Civ.App.—Dallas 1974, no writ). It is not clear what services were performed, labor done or material furnished or why and under what conditions. On the other hand, the trial court found that plaintiff

was not entitled to attorney's fees under Article 2226 and this finding supports both the conclusion of law and the judgment of the trial court. On appeal, it is presumed that the trial court has found against appellants on all theories presented. See *Guest v. Bizzell*, 271 S.W.2d 472, 476–7 (Tex.Civ. App.—Eastland 1954, writ ref'd); *MacFarlane v. Davis*, 147 S.W.2d 528 (Tex.Civ.App. —Beaumont 1940, no writ). Under facts presented here the plaintiff may not recover attorney's fees under the provisions of Article 2226. In view of the foregoing, we do not deem it necessary to determine whether plaintiff's attorney's fees as rendered were reasonable. Plaintiff's point of error 1 is overruled.

 On the basis of the record before this Court, the trial court properly disallowed interest to plaintiff under Tex.Rev. Civ.Stat.Ann. art. 5069–1.03 (1971). This subsection of Article 5069 provides:

> "When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made."

We have already noted that this is not a suit on a sworn account. *Vahlsing Christina Corporation v. Ryman Well Service, Inc.*, supra; *McDaniel v. National Steam Laundry Co.*, 112 Tex. 54, 244 S.W. 135, 137 (Tex.Com.App.1922, opinion adopted). The appellant must therefore plead and prove a "written contract, ascertaining the sum payable." Plaintiff has pled that certain invoices contained provisions setting the interest rate:

> Net due on receipt of invoice. After thirty (30) days a credit charge will be debited on unpaid invoices at 1% per month, from invoice date.

The trial court, however, found that the defendant did not agree, in writing, to pay interest to plaintiff and plaintiff has not challenged this finding of fact. Plaintiff asserted in the trial court and argues on

appeal that he is entitled to the legal rate of interest since no specified rate of interest was agreed to by the parties. Defendant argues that the failure to plead for the legal rate of interest does not give him fair notice of the claim asserted. Plaintiff's petition contained a prayer for general relief. Under the liberal rules of pleading, a prayer for general relief is ordinarily sufficient basis for an award of prejudgment interest. *Liberty Mutual Insurance Company v. General Insurance Corporation*, 517 S.W.2d 791, 799 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.); *Dunnam v. Dillingham*, 345 S.W.2d 314 (Tex.Civ.App.—Austin 1961, no writ; See 33 Tex.Jur.2d § 19 p. 90 (1962); *Cage Brothers v. McCormick*, 344 S.W.2d 203, 207 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.). Nevertheless, neither the written contract between these parties nor the alleged invoices were shown to be introduced at the trial court level and are not contained in the statement of facts and accompanying exhibits. The record before us does not disclose the facts necessary to an award of prejudgment interest in that there is no written contract ascertaining the sum payable nor is there any open account. Article 5069–1.03, supra; *Alamo Express, Inc. v. Browning Mineral & Ore Company*, 457 S.W.2d 588, 591 (Tex.Civ. App.—San Antonio 1970, writ ref'd n. r. e.). Appellant's point 2 is overruled.

The judgment of the trial court is affirmed.