PEARCY/CHRISTON, INC., Appellant,

v.

CUTLER CONSTRUCTION
COMPANY, Appellee.

No. 20226.

Court of Civil Appeals of Texas,
Dallas.

June 3, 1980.

L. W. Anderson, Dallas, for appellant.

James A. Knox, Vial, Hamilton, Koch, Tubb & Stradley, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

ROBERTSON, Justice.

This is an appeal from a judgment awarding plaintiff-appellee, Cutler Construction Company, moneys it was due for completing a construction project for defendant-appellant, Pearcy/Christon, Inc. Defendant complains that the trial court erred in sustaining special exceptions, excluding testimony, awarding attorney's fees, and submitting incorrect special issues. We conclude that the award to plaintiff of attorney's fees was erroneous, and, as to that portion of the trial court's judgment, we modify by deleting the award to plaintiff of attorney's fees. As so modified, the trial court's judgment is affirmed.

The parties entered into a written contract in January 1976 for the construction of buildings in a shopping center in Greenville, Texas. The contract provided that

defendant would reimburse plaintiff for the cost of the work and, additionally, would pay plaintiff a contractor's fee as a percentage of the cost of the work. Pursuant to that contract, plaintiff constructed the buildings and demanded payment from defendant for the finished buildings in the amount of $611,994.29. Defendant paid plaintiff $569,813.98, but withheld the remaining $42,180.31, due to numerous alleged defects in the buildings. Plaintiff filed suit against defendant, claiming that it was entitled to the full contract price for constructing the buildings. Defendant answered by a general denial, and filed a counterclaim alleging acts of negligence on the part of plaintiff that resulted in unnecessary cost overruns, and failure to construct the buildings in a good and workmanlike manner. Following a trial to a jury, the trial court rendered judgment on the verdict for plaintiff.

■ Defendant's first point of error relates to the trial court's action in sustaining exceptions to some of defendant's allegations. Defendant's answer included allegations that plaintiff negligently performed several of its obligations under the contract. Plaintiff's special exceptions asserted that defendant's allegations of negligence were global and failed to advise it of specifics, and that those allegations improperly raised negligence as a defense in an action based on a contract. Defendant argues here that the trial court erred in striking its negligence allegations because negligence may be asserted as a defense in a contract action. We need not address this contention because the trial court's order may be upheld on the alternative ground raised in plaintiff's exceptions, that is, that the stricken allegation was global. The stricken allegation was a subdivision of defendant's negligence allegation and read as follows: "Plaintiff failed to use due and reasonable diligence to obtain labor and materials on the job at reasonable and fair market values . . . ." Plaintiff's special exception stated that no specific areas of proof were indicated by this allegation. The function of a special exception is to force clarification and specification in

pleadings that are vague, indefinite, or uncertain. *Townsend v. Memorial Medical Center*, 529 S.W.2d 264, 267 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). We conclude that the trial court did not abuse its discretion in striking this pleading. Further, defendant did not attempt to amend his allegations to conform to the exception and thus, we fail to perceive any way in which it was hurt by the trial court's action. Defendant's first point of error is overruled.

■ Defendant's second point of error complains of the trial court's exclusion of testimony by two witnesses as to the plaintiff's failure to perform certain work in a good and workmanlike manner. The question before the trial court was whether the witnesses had been shown to be qualified to testify as experts regarding the particular work. *United States Fire Insurance Co. v. Stricklin*, 556 S.W.2d 575, 580 (Tex.Civ.App.—Dallas 1977), *writ ref'd n.r.e. per curiam*, 565 S.W.2d 43 (Tex.1978). In reviewing the trial court's determination we must recognize its broad discretion and only overturn that determination upon a clear showing of abuse of discretion. *Stanley v. Southern Pacific Co.*, 466 S.W.2d 548, 551 (Tex.1971); *Wilson v. Scott*, 412 S.W.2d 299, 304 (Tex. 1967).

■ The first witness was a cement contractor whose testimony related to the quality of the paving work done by plaintiff's subcontractor. His testimony included statements that he had been a cement contractor in the area for thirty years, that he had had occasion to work with and on, and to repair asphalt parking lots, and that in repairing the asphalt parking lot in question he had observed the depth of the rock base under the lot. On cross-examination, however, the witness also testified that while he thought the base was a certain type of rock he was not sure and had never tested it, so he could not tell how the rock would serve as a base. Defendant did not attempt to introduce this witness' testimony in response to hypothetical questions, but rather as an expert with personal knowledge of facts. In light of the witness'

responses on cross-examination, we cannot say the trial court abused its discretion in excluding this testimony.

The second witness was a plumbing contractor whose testimony related to the quality of work performed in installing a sewer line from a building to the central sewer line. The alleged defect in installation was that the sewer line did not have sufficient "fall" or incline from the building to the central line to assure proper flow. In response to a question inquiring whether the line was installed in a good and workmanlike manner the witness replied as follows:

> Well, the only thing I can say, *I don't know how it was installed originally*, but the only thing that I can say was that it did not have a fall going from the outside of the building to the sewer main. I don't know what kind of soil they had underneath the line whenever they installed it, whether it was, they put it in mud or whether it was sands or whatever, but they either didn't have a fall on it or they installed it improperly *or it sank down over a period of time*.

[emphasis added]. This witness' testimony indicates that he was not familiar with sufficient facts upon which to base an expert opinion as to the cause of the lack of incline, and thus, that any opinion he would have expressed would have been conjectural. Consequently, we find no abuse of discretion in the trial court's exclusion of this testimony. Defendant's second point of error is overruled.

Defendant's third point of error complains of the exclusion of testimony regarding the elements of what it considers to be the proper measure of damages in this case, that is, the difference between the market value of the building had it been constructed in a good and workmanlike manner and the value of the building as it was actually constructed. Both parties appear to agree that the rule of damages in this type of case is that, for those defects "that can be repaired or cured without undue expense," the cost of repair or cure should be allowed as recovery, and that, for those defects that "cannot be remedied without an expenditure for reconstruction disproportionate to the end to be obtained, or without endangering unduly other parts of the building," the difference in value, as stated in defendant's point of error, should be allowed as recovery. *County of Tarrant v. Butcher & Sweeney Construction Co.*, 443 S.W.2d 302, 307 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.). Plaintiff argued before the trial court and before this court that evidence as to the difference in value measure of recovery is not relevant until and unless the existence is established of defects, the repair of which would be unreasonably expensive or would unduly endanger other parts of the building. We agree. Since defendant has failed to indicate to us any testimony in the record that would establish the existence of such defects, the trial court's exercise of discretion in excluding any testimony as to the value of the building was proper. Defendant's third point of error is overruled.

Defendant next complains that the trial court's award of attorney's fees to plaintiff under article 2226 of the Revised Civil Statutes of Texas was improper because this is not a suit within the terms of that statute.[1] Plaintiff responds that the award was proper because this is a suit for "services rendered, labor done, [and] mate-

---

1. Plaintiff's cause of action arose in late 1976, prior to the effective date of the 1977 amendments to article 2226. Accordingly, we address only those possible grounds of awarding attorney fees under this statute as it existed in 1976. The pertinent language of article 2226 as it existed at that time is as follows:

> Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, . . . may

present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

1971 Tex.Gen.Laws, ch. 225, § 1, at 1073.

rial furnished," which is covered by article 2226. We conclude that our opinion in *Hanson Southwest Corp. v. Dal-Mac Construction Co.*, 554 S.W.2d 712 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), controls our decision here. The factual basis for that suit was substantially identical in all relevant respects to the basis for this suit. The contract therein was for construction of a shopping center for the defendant, and the plaintiff claimed that attorney's fees should be awarded because it performed the services of improving defendant's land and coordinated the construction project, it hired workmen who performed labor, and it furnished the materials contained in the shopping center project. We concluded that the Texas Supreme Court's decisions interpreting article 2226 mandated our holding that recovery of attorney's fees under that article was barred in a suit based on a contract for the construction of a finished product by the use of materials and services provided by others. *Id.* at 723; *see Pacific Coast Engineering Co. v. Trinity Construction Co.*, 481 S.W.2d 406, 407–08 (Tex.1972); *Tacker v. Phillips*, 473 S.W.2d 1, 2 (Tex.1971); *Tenneco Oil Co. v. Padre Drilling Co.*, 453 S.W.2d 814, 818–21 (Tex.1970). Plaintiff attempts to distinguish *Hanson Southwest* by pointing out that it directly hired workmen to perform labor on the project here in question, in addition to subcontracting some work, while Dal-Mac Construction Company apparently subcontracted all of its work. While we recognize that in a suit based on "a contract . . . for labor only", attorney's fees may be recovered under article 2226, *Tacker*, 473 S.W.2d at 2, when "a suit [is] based primarily upon a contract for a product," attorney's fees may not be recovered under article 2226, *Tenneco Oil*, 453 S.W.2d at 820–21. We affirm our conclusion in *Hanson Southwest* that a general contractor's contract to construct a shopping center is "a contract for a product." Accordingly, we hold that the trial court erred in awarding plaintiff attorney's fees pursuant to article 2226.

We feel compelled, however, to reiterate our position stated in *Hanson Southwest* that were we not bound by the supreme court's prior interpretations and constructions of article 2226 our decision might be to the contrary. We find little logic in allowing a subcontractor to recover attorney's fees against a general contractor for services, labor, or material supplied to the general contractor, *Pacific Coast Engineering*, 481 S.W.2d at 408, and allowing recovery for attorney's fees by a contractor who supplies material from his existing inventory, *George Linske Co. v. Miller-Picking Corp.*, 463 S.W.2d 170, 173 (Tex.1971), but denying recovery to the general contractor who coordinated the interaction of services, labor, and material into a finished product, *Tenneco Oil*, 453 S.W.2d at 820–21, and denying recovery to the contractor who must procure materials from third parties, *id.* at 821. Distinctions have been found in each of the cases cited here to justify the diverse results; however, we find these distinctions to be needlessly fine. In light of the statutory rule that all statutes in Texas "shall be liberally construed with a view to effect their objects and to promote justice," Tex.Rev.Civ.Stat.Ann. art. 10, § 8 (Vernon 1969), we respectfully suggest reexamination of the interpretation and construction previously given article 2226. Johnson, *Article 2226 Revisted [sic]: Penetrating the Juridical Labyrinth*, 40 Tex.B.J. 395 (1977); Comment, *The Judicial Avoidance of Liberal Statutory Construction: Is Article 10, Section 8 Lost and Forgotten?*, 10 St. Mary's L.J. 163, 168–69, 175–78 (1978).

Defendant's remaining points of error relate to error in the submission of certain special issues. Complaint is first made of the submission of special issue number one, which inquired whether plaintiff performed in accordance with the terms of the contract. Defendant contends that performance in accordance with those terms was not the controlling issue, but rather performance in a good and workmanlike manner should have been submitted as the controlling issue. We agree with defendant's argument that the preferred method of submitting this type of case is illustrated by *Sands Motel v. Hargrave*, 358 S.W.2d 670 (Tex.Civ.App.—Texarkana 1962, writ ref'd

n.r.e.). We do not agree, however, that the submission of special issues here was so contrary to the preferred method of submission to require reversal.

The court in *Sands Motel* indicated that the preferred practice with this type of case is to submit an issue inquiring whether the work was performed in a good and workmanlike manner. Along with that issue and the definition of good and workmanlike manner, an instruction should be included that when the plans and specifications agreed upon by the parties impose a limitation upon the good and workmanlike manner in which a workman in the local area would perform, the parties are obligated to perform the agreed work "in a manner reasonably consistent with the practices of the craft *insofar as the plans and specifications will allow.*" *Id.* at 674 [emphasis added].

Although this is the preferred practice, the court in *Sands Motel* held that the submission of an issue inquiring only whether the party performed the contract in accordance with its plans and specifications was sufficient when the plans and specifications obligated the party to perform the work in a good and workmanlike manner. *Id.* at 674. We conclude that this holding applies equally to special issue number one because the contract between plaintiff and defendant included, among the plaintiff's duties, the duty "to perform the Work in the best way . . . ," which we interpret as meaning in a good and workmanlike manner. Accordingly, defendant's fifth point of error is overruled.

The sixth special issue submitted reads as follows:

> Do you find from a preponderance of the evidence that on or after October 25, 1976, Pearcy/Christon, Inc. accepted the performance by Cutler Construction Company in the construction of the Kroger Store Project as being in compliance with the contract documents, subject only to claims, if any, arising within the one year warranty period as provided in the construction contract?

Defendant contends in his sixth point of error that submission of this special issue was erroneous because it is duplicitous in that it submits several issues at one time. We cannot agree. Since the amendment in 1973 of rule 277 of the Texas Rules of Civil Procedure, the submission of issues that are general or that include more than one element has not been objectionable. Tex.R. Civ.P. 277; *see Shasteen v. Mid-Continent Refrigerator Co.*, 517 S.W.2d 437, 439 (Tex. Civ.App.—Dallas 1974, writ ref'd n.r.e.); Pope & Lowerre, *The State of the Special Verdict—1979*, 11 St. Mary's L.J. 1, 3–6 (1979). Accordingly, we find no error in the submission of this issue.

Defendant's remaining points of error complain that certain special issues were duplicitous, irrelevant, or submitted questions of law. Defendant has cited no authorities to support the alleged errors, nor has it indicated how it was prejudiced or harmed thereby. After reviewing the record and the parties' briefs, we find these remaining points to be without merit and they therefore are overruled.

Accordingly, we modify the judgment of the trial court in regard to the award to plaintiff of attorney's fees by deleting the recovery of any attorney's fees pursuant to article 2226. As so modified, the judgment of the trial court is affirmed.