James R. CHILES, Appellant,

v.

Herbert P. BECKER, Jr., et al., Appellees.

No. 20400.

Court of Civil Appeals of Texas, Dallas.

Nov. 18, 1980.

Don Wilmarth, Dallas, for appellant.

Bryan D. Hamric, Kraus, Semon & Associates, Richardson, for appellees.

Before AKIN, CARVER and STOREY, JJ.

CARVER, Justice.

James R. Chiles appeals from a judgment rendered in favor of Herbert P. Becker, Jr., and Shirley N. Becker, upon a renewal note for $3,954.31 plus interest thereon, and attorney's fees. Chiles argues on appeal that the trial court erred in refusing to allow a continuance, in sustaining the Beckers' objection to his attempt to offer evidence concerning the consideration for the original note, and in granting additional attorney's fees, contingent on an appeal. We find no error in denying the motion for continuance since no sufficient ground for the motion was presented. We find no error in excluding evidence as to failure of consideration since (1) this was an affirmative defense which was not pleaded, and (2) such a defense is not available as against a renewal note. We do find, however, that the trial court erred in allowing attorney's fees on appeal when the record reflects no evidence in support of such allowance. We modify the trial court's judgment by deleting the allowance of attorney's fees on appeal. We affirm the judgment as modified.

█ Chiles argues that the trial court abused its discretion in denying his oral application for a continuance, which was made on the day of trial. Chiles does not claim that his application was "supported by affidavit, or by consent of the parties or by operation of law" as required by Tex.R. Civ.P. 251. Chiles does assert that he had "sufficient cause" under rule 251 because he was put to trial without the benefit of counsel. It appears from the record that Chiles had employed counsel to answer the suit but that this counsel had withdrawn. The trial court's order permitting Chiles' counsel to withdraw was entered on September 4, 1979. The order included the following conditions:

> [U]pon condition, however, that he serve said Defendant by U. S. Mail, return receipt requested, with a copy of this order, which shall be notice to said Defendant that this case is set for trial on its merits for October 4, 1979 at 9:00 a. m. and that he shall be personally responsible to make all announcements, and do all things necessary to bring his case before the Court in the manner and at the time required by law and the rules of this Court.

Chiles does not deny receiving the court's order. The record reflects no effort by Chiles during the interval of thirty days, between the withdrawal of his original counsel and the trial date, toward securing new counsel. Under this record, we find no abuse of discretion by the trial court in denying Chiles' motion for continuance because "sufficient cause" was not shown. *Chambers v. Lee*, 566 S.W.2d 69 (Tex.Civ. App.–Texarkana 1978, no writ).

█ Chiles next argues that the trial court erred in not allowing him to offer evidence of failure of consideration for the note originally given by Chiles, not the renewal note upon which the Beckers sued. Chiles answered the Beckers' suit with a general denial which did not authorize the receipt of evidence of an affirmative defense of failure of consideration, as specified by Tex.R.Civ.P. 94. Consequently, the trial judge correctly excluded the proffered testimony for this reason. Further, the note sued upon recites on its face that the note was a renewal of the prior unpaid note in the same amount. Even if Chiles had pleaded failure of consideration, it would not be a defense to the renewal note because this defense was waived by the execu-

tion and delivery of the renewal note. *See Laid Rite, Inc. v. Texas Industries, Inc.,* 512 S.W.2d 384, 387 (Tex.Civ.App.–Forth Worth 1974, no writ). Thus, the trial court correctly excluded the proffered evidence on both grounds.

■ Chiles finally contends that the trial court erred in awarding additional attorney's fees in the event of appeal because there was no pleading or evidence supporting such an award. The contract for attorney's fees is a part of the note sued upon and provides as follows:

> In the event this Note, or any part hereof, is collected through Probate, Bankruptcy or other judicial proceedings by an attorney or is placed in the hands of an attorney for collection after maturity, then *the undersigned agrees and promises to pay a reasonable attorney's fee for collection,* which in no event shall be less than ten percent (10%) of the principal and interest then owing. [Emphasis added.]

Relying upon the foregoing language, the pleadings sought reasonable attorney's fees for services in collection of the note. The Beckers admittedly offered no testimony as to the attorney's work performed, or to be performed, or the reasonable charges therefor, but urges that none was necessary because, under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1980), the trial judge may take judicial notice of the usual and customary fees in such matters, and of the contents of the file, without receiving further evidence. We set out the statute as follows:

> Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, or suits founded on oral or written contracts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for

the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The usual and customary fees in such cases shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence. In a proceeding before the court, or in a jury case where the issue of amount of attorney's fees is submitted to the court for determination by agreement, *the court may in its discretion take judicial knowledge of the usual and customary fees in such matters and of the contents of the case file without receiving further evidence.* The provisions hereof shall not apply to contracts of insurers issued by insurers subject to the provisions of the Unfair Claim Settlement Practices Act (Article 21.21–2, Insurance Code), nor shall it apply to contracts of any insurer subject to the provisions of Article 3.62, Insurance Code, or to Chapter 387, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 3.62–1, Vernon's Texas Insurance Code), or to Article 21.21, Insurance Code, as amended, or to Chapter 9, Insurance Code, as amended, and each such article or chapter shall be and remain in full force and effect. This Act shall be liberally construed to promote its underlying purposes. [Emphasis added.]

Chiles counters that the Beckers did not seek relief under article 2226 but rather relied upon the note provisions for attorney's fees, the amount of which would necessarily require evidentiary support. Further, Chiles points out that the record does not show that the Beckers pleaded or proved that the note claim had been "presented" or that "at the expiration of 30 days thereafter, payment for the just amount owing had not been tendered" as required by article 2226 as a condition to the recovery of attorney's fees thereunder. We agree with these contentions. In *Coward v. Gateway National Bank of Beaumont,* 525 S.W.2d 857 (Tex.1975) our supreme court held that the legislature did not intend to make the attorney's fees pro-

visions of article 2226 generally applicable to all causes wherein attorney's fees were in issue. 525 S.W.2d at 859. Earlier cases had held that article 2226 was in derogation of the common law; that strict construction was to be given the article; and that strict compliance with the article was necessary in order to obtain the benefit thereof. *See Tenneco Oil Co. v. Padre Drilling Co.,* 453 S.W.2d 814 (Tex.1970); *Success Motivation Institute, Inc. v. Jamieson Film Co.,* 473 S.W.2d 275 (Tex.Civ.App.–Waco 1971, no writ); *G & W Marine, Inc. v. Morris,* 471 S.W.2d 644 (Tex.Civ.App.–Beaumont 1971, no writ); *Phillips v. Tacker,* 469 S.W.2d 596 (Tex.Civ.App.–Waco), *rev'd on other grounds,* 473 S.W.2d 1 (Tex.1971). Since the Beckers did not plead for relief under article 2226, or prove the presentment and lapse of time required thereunder, we hold that the trial court was not authorized to assess attorney's fees in the manner allowed under article 2226 in lieu of receiving evidence into the record and the attorney's fees issue. Our holding does not effect the attorney's fees assessed for collection efforts exerted in the trial court because Chiles assigned no point of error complaining thereof. Chiles only complains here of the fee assessed for appeal in the amount of $750 in the court of civil appeals and $750 in the supreme court. Consequently, we modify the trial court judgment by deleting therefrom the recovery by the Beckers of attorney's fees in any appellate court and affirm with costs assessed one–half to each party.