**PACIFIC COAST ENGINEERING COMPANY, Petitioner,**

v.

**TRINITY CONSTRUCTION COMPANY, Inc., Respondent.**

**No. B–2866.**

Supreme Court of Texas.

May 3, 1972.

Rehearing Denied July 12, 1972.

Bobbitt & Kraft, Karl E. Kraft, Houston, for petitioner.

Barrow, Bland & Rehmet, David Bland, Houston, for respondent.

GREENHILL, Justice.

The writ of error was granted in this case to review the judgments of the courts below which denied attorneys' fees to the plaintiff below, Pacific Coast Engineering Company. The problem arises out of Article 2226, Vernon's Texas Civil Statutes Annotated, which provides, among other things, for the recovery of attorneys' fees in suits to recover for labor done and "materials furnished." The Court of Civil Appeals held that four water control gates installed into Canyon Dam were not "material furnished" within the meaning of Article 2226. 467 S.W.2d 635. We disagree, and accordingly we reverse as to such attorneys' fees; but in all other respects, the judgment of the Court of Civil Appeals is affirmed.

The facts and a discussion of this and other points of law are set out in depth in the opinion of the Court of Civil Appeals. We agree with the holdings of the Court of Civil Appeals except as to the attorneys' fees. We will therefore repeat here only such facts as are necessary to develop the attorneys' fee question.

Trinity Construction Company was the prime contractor for the construction of Canyon Dam on the Guadalupe River by the Corps of Engineers. Pacific Coast Engineering Company was engaged by Trinity to fabricate four large water control gates to be installed in the dam to control the level of water in the reservoir. The contract price was $233,800.00, and most of

it was paid. But 10% was withheld by Trinity until the job was approved by the Corps of Engineers. The job was approved, but Trinity refused to pay the balance to Pacific because Trinity contended that the gates had not been built according to plans.

Pacific sued Trinity to recover the 10% balance due under the contract and for attorneys' fees under Article 2226. There have been two trials. In the first trial, the jury found that Pacific had not performed the contract in accordance with the plans and specifications, and judgment was entered accordingly. The Court of Civil Appeals reversed. It held that substantial performance by Pacific was proved as a matter of law. Instead of rendering judgment for Pacific, however, the Court of Civil Appeals remanded the cause for a new trial because, in its opinion, the record was such that judgment could not be rendered. 410 S.W.2d 797. This court approved the judgment of remand for a new trial by refusing the writ with the notation, no reversible error.

Upon the second trial, the jury found that the contract had been substantially performed by Pacific, and judgment was rendered for the balance due. The jury found $18,500 to be a reasonable attorneys' fee for collecting the balance due. The trial court, however, disregarded the jury's findings on attorneys' fees and disallowed them.

Upon appeal, the Court of Civil Appeals affirmed as to the denial of the attorneys' fees. That court held that Pacific did not furnish any "materials" to Trinity.

Article 2226, among other things, permits "any person having a valid claim . . . for . . . *material furnished*" to recover a reasonable attorneys' fee for successful prosecution of the claim.

The term "material" as used in Article 2226 has been broadly defined by this Court to mean "the substance or substances, or the part, goods, stock or the like of which anything is composed or may be made. . . . " Ferrous Products v. Gulf States Trading Co., 160 Tex. 399, 332 S.W.2d 310 (Tex.1960).

■ Under this definition where the litigant furnishes not the final complete project, but a part or piece that goes into the final project, then attorneys' fees will be allowed in a successful suit for the recovery for "material furnished" to the defendant. This was the situation in *Ferrous Products* where a claim for the market value of steel beams served as a foundation for the recovery of attorneys' fees. A good deal of skilled and unskilled labor went into the manufacture of the steel beams; and they were greatly different from raw materials such as the iron ore which went into their production. They were held by this Court to be "material furnished."

Similarly in Page v. Superior Stone Products, 412 S.W.2d 660 (Tex.Civ.App. 1967, writ ref., n. r. e.), the suit was to recover the balance due on a contract to supply mixed concrete. Again, mixed concrete is "manufactured" by the use of labor in combining several raw materials. The concrete, thus created, goes into, and becomes a part of, something greater; and it was held in the suit by the subcontractor to fall within the definition of "material furnished." Attorneys' fees were allowed for the collection of the balance due under the contract for the cement; and the attorneys' fees were not limited to that part of the contract price which represented the value of the stone, aggregate and raw cement used by plaintiff. It is the value of "the material" that is furnished the defendant that serves as a foundation for attorneys' fees, not the value of the raw materials furnished the plaintiff by some third party.

In George Linskie Co. v. Miller-Picking Corp., 463 S.W.2d 170 (Tex.1971), attorneys' fees were allowed a plaintiff who furnished materials (gaskets, fuses, trans-

formers, etc.) used in repairing air conditioners.

In the case before us now, the controlling fact is not that Pacific built the gates, but that the gates were furnished to the one who agreed to build the completed dam. The completed dam, when it is turned over to the Corps of Engineers, is not "material furnished." But the mixed concrete, pipes, steel beams and gates furnished by a subcontractor are "material furnished" for the completion of the dam.

The water gates are finished products in the sense that they will go through no other manufacturing process; but nevertheless, they are, as stated, material furnished which go into, and become a part of, the dam. The gates served no purpose standing alone; and they became useful only when, as intended, they became a part of the dam.

The above holding is in accord with United States for Use and Benefit of Caldwell Foundry & Mach. Co. v. Texas Construction Co., 237 F.2d 705 (5th Cir. 1955), where the federal court, applying Texas law, characterized a large water control gate which was installed into Lavon Dam as "material furnished." The plaintiff, suing for the balance due under a contract of fabrication, was allowed attorneys' fees expended in collecting the contract price of the gate because the gate "was actually installed and became a part of the Lavon Dam." 237 F.2d 705, 706.

We therefore hold that Pacific was entitled to recover attorneys' fees of $18,500.00 as found by the jury.

We have carefully reviewed the other points raised by both parties in their applications for writs of error, and they are overruled. As stated, we are, as to these matters, in substantial agreement with the opinion of the Court of Civil Appeals in dealing with them.

In so far as the judgments of the Court of Civil Appeals and trial court denied Pa-cific recovery of attorneys' fees based on the furnishing of the water control gates, these judgments are reversed and judgment is here rendered that Pacific do have and recover attorneys' fees in the amount of $18,500.00.