AMBOX, INC., Appellant,

v.

STEWART & STEVENSON SERVICES,
INC., Appellee.

No. 1072.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 8, 1975.

Rehearing Denied Jan. 29, 1975.

Glen E. Clover, Christopher B. Allen, Liddell, Sapp, Zivley & Brown, Houston, for appellant.

**430**

John L. McConn, Jr., Garey B. Spradley, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

COULSON, Justice.

This is a suit to recover the reasonable value of extra labor and extra material allegedly performed and furnished by Ambox, Inc., plaintiff, at the request of Stewart & Stevenson Services, Inc., defendant, in addition to that labor and material which was included in an original bid and agreement.

Plaintiff instituted suit on two separate causes of action.

In the first cause of action the plaintiff, as a metal fabricating subcontractor, sought to recover from the defendant, as a general contractor under a government contract, the sum of $97,356.04 as the alleged reasonable value for extras. This included fabricating air scoops for, and making changes requiring additional labor and material in the fabrication of ten (10) generator housings. Each of the generator housings was approximately the size of a railroad boxcar. The extras were alleged not to have been required by the original drawings or by the original written and oral agreement of the parties for ten generator housings at a charge of $7,500 per unit. The plaintiff also prayed for interest at the rate of 6% per annum from May 1, 1970, the date the work was completed and accepted, together with $25,000 as statutory attorney's fees under the provisions of Vernon's Tex.Rev.Civ. Stat.Ann. art. 2226 (1971). Said sum of $97,356.04 for extras was in addition to $75,000 previously paid by the defendant to the plaintiff. As to the first cause of action, the defendant answered by a general denial.

In the second cause of action, the plaintiff sought to recover from the defendant $15,351.03 (less $10,000 paid by the defendant) for services performed and materials furnished at the request of defend-

ant in the fabrication of fuel tank prototypes pursuant to a government contract, including the cost of special tools and dies and raw materials to construct 154 such fuel tanks. The contract was terminated by the government after the prototypes were made and after the plaintiff had acquired the materials necessary for the fabrication of 154 such tanks. The plaintiff acknowledged receipt of a $10,000 payment made by the defendant and prayed for the recovery of the balance of $5,351.03, plus interest at the rate of 6% per annum from January 29, 1971, the date of plaintiff's invoice, together with attorney's fees of $1,500 under the provisions of Tex.Rev. Civ.Stat.Ann. art. 2226 (1971). As to the second cause of action, the defendant answered by a general denial and by affirmatively asserting that the second cause of action had been settled and released and that there had been an accord and satisfaction.

In response to special issues, the jury found (1) that the fair and reasonable value of the work and materials provided by Ambox in connection with the air scoops was "$7,500 total for ten units"; (2) that the reasonable value of the extra work and materials provided by Ambox in connection with the generator housings was "$21,000 total for ten units"; (3) that the fair and reasonable value of the tools and dies manufactured by Ambox in connection with the production of the fuel tanks was "zero"; (4) that the $10,000 payment made by the defendant to Ambox was made in full satisfaction and settlement of all claims involving the fuel tank purchase orders; (5) that a fair and reasonable fee for services rendered to Ambox, Inc. by its attorneys in connection with the claims involving the generator housings and air scoops was "zero"; and (6) that a fair and reasonable fee for the services rendered to Ambox by its attorneys in connection with the claims involving the fuel tanks was "zero".

From the findings of the jury and findings of the court, a final judgment was

entered on April 15, 1974. Ambox, Inc. was awarded judgment against Stewart & Stevenson Services, Inc. in the total sum of $28,500 with interest at the rate of 6% from May 1, 1970, plus costs. All other relief was denied. The plaintiff has perfected this appeal from said final judgment.

Upon notice of the verdict, plaintiff filed a motion to disregard the jury finding to special issue number five (5), or, alternatively, for a new trial on the issue of attorney's fees or, alternatively, for a new trial as to all issues. The plaintiff's motion was overruled and no attorney's fees were awarded to the plaintiff.

Subsequent to the entry of judgment, the defendant filed a motion to reform the judgment requesting that interest accrue from the date of the judgment and not from May 1, 1970, as provided by the court. That motion by the defendant was overruled.

The points of error of the appellant, Ambox, Inc. fall into three general classes. The first of these classes is concerned with the sufficiency of the evidence on issues one (1) and two (2) which establish the value of the extra work performed by the plaintiff in connection with the air scoops and the extra work and materials provided in connection with the generator housings. The plaintiff sought to recover damages totaling $97,356.04 for such extras. The jury awarded only $7,500 for the air scoops which were added to the generator housings and $21,000 for the extra work and materials in connection with the generator housings.

■ The appellant's legal sufficiency points assert that the claim for $97,356.04 was established as a matter of law. A legal sufficiency point, whether it be framed under the rubric of "no evidence" or "as a matter of law", is a challenge to the decision of the trial court to allow a jury to decide a given question. In this case, the appellant preserved a proper pred-

icate for the consideration of its points concerning the legal sufficiency of the evidence on issues one (1) and two (2) in its motion for new trial. Rosas v. Shafer, 415 S.W.2d 889 (Tex.Sup.1967). The evidence in the record as hereinafter reviewed supports the submission of issues one (1) and two (2) and the findings of the jury on said issues. The appellant's legal sufficiency points are overruled.

■ The appellant also preserved proper predicate for points of error on the factual sufficiency of the evidence relating to special issues one (1) and two (2). The burden of proof on special issues one (1) and two (2) was on the plaintiff, Ambox, Inc. The appellant contends that the findings of the jury on the fair and reasonable value of the work and materials in connection with the air scoops, and the reasonable value of the extra work and materials provided in connection with the generator housings, were so contrary to the great weight of the evidence as to justify this Court in remanding the cause for a new trial. After reviewing all of the evidence in the case, we disagree with the appellant's points of error on the factual sufficiency of the evidence on special issues one (1) and two (2) and said points are overruled.

The evidence introduced at trial disclosed that the plaintiff, Ambox, Inc., was unable to account for the costs specifically attributable to the changes made in connection with the housings. Ambox prepared its invoice for extras (excluding the air scoops) by computing what it considered to be its total cost and profit on the generator housings, as finally completed and delivered, which amounted to $162,416.88 and deducted from that figure the sum of $75,000 which was paid by the defendant. Ambox concluded that the difference of $87,416.88 was its charge for extras. In computing what it considered to be its cost, Ambox arrived at a total cost of materials and a total cost of direct labor then added 102.7% of such direct labor

as factory overhead, and next assessed as G & A an additional 13% to the total of materials, direct labor and factory overhead and to the total of all such amounts assessed an additional 5% as a profit or fee. The invoice for the air scoops in the sum of $9,939.16 was computed by Ambox through use of the same formula. The sum of the invoices for extras and air scoops amounted to $97,356.04 for which plaintiff sought recovery.

On cross-examination of the plaintiff's witnesses, it was shown that in the course of the completion of the generator housings, the plaintiff had difficulty retaining supervisors and, also, experienced periodic turnovers of manpower. Further, it was shown that the first housing built by the plaintiff was deficient and had to be reconstructed. These factors all could be considered costs which would not be a part of the cost of the additions and alterations made, but would have been part of the original project as bid upon by the plaintiff, Ambox, Inc. It was the plaintiff's burden to establish its claim for damages, and we cannot say that on this evidence the jury's determination of those damages was against the great weight of the evidence.

The plaintiff, Ambox, Inc. in seeking to establish its claim for $9,939.16 for the air scoops which were added to the original generator housing plans, relied heavily upon the expert testimony of James E. Keith, the plaintiff's president. He testified that the reasonable value of the air scoops was $9,-939.16. The defendant, Stewart & Stevenson Services, Inc., presented the testimony of Joe Manning, a long time employee of the defendant, who testified that in his opinion the value of the air scoops was between $7,000 and $8,000. Clearly, there was evidence offered during the trial upon which the jury might reasonably base its finding that the fair and reasonable value of the air scoops was $7,500. The appellant's sixth and seventh points of error are accordingly overruled.

The second general class of points of error raised by the appellant, Ambox, Inc., concerns the finding of the jury that Ambox, Inc. should recover no attorney's fees in connection with its cause of action for recovery of the fair and reasonable value of the air scoops and extra labor and materials supplied to the defendant in the construction of the generator housings.

The claim of Ambox, Inc. for attorney's fees rests upon Tex.Rev.Civ.Stat.Ann. art. 2226 (1971) which provides:

Any person having a valid claim against a person or corporation for . . . material furnished, . . . may present the same to such person or corporation . . . and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, . . . a reasonable amount as attorney's fees . . . .

The Supreme Court of the State of Texas in Pacific Coast Engineering Co. v. Trinity Const. Company, 481 S.W.2d 406 (Tex. Sup.1972) in interpreting what is meant by "material furnished" stated that:

. . . (W)here the litigant furnishes not the final complete project, but a part or piece that goes into the final project, then attorney's fees will be allowed in a successful suit for the recovery for "material furnished" to the defendant. 481 S.W.2d 407.

In the Pacific case, the plaintiff had fabricated four large gates or water valves for use in a dam being built by the defendant as the general contractor. The Supreme Court allowed the plaintiff to recover attorney's fees under Article 2226 and noted that "In the case before us now, the controlling fact is not that Pacific built the gates, but that the gates were furnished to the one who agreed to build the completed dam." 481 S.W.2d 408. In the case before this Court, the generator housings are a part of the larger project for which the defendant is the general contractor. This case is analogous to the

Pacific case, and we are bound by the decision of the Supreme Court of the State of Texas therein announced.

The appellee, Stewart & Stevenson Services, Inc., argues that the case before us is controlled by Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex.Sup.1970) wherein attorney's fees were denied. We do not agree with the appellee's contention. In Tenneco, the plaintiff sought to recover the costs of materials which it lost while drilling an oil well for the defendant. In that case, the plaintiff did not furnish the defendant with any materials. The contract between the parties called for the plaintiff to drill a well. Any materials lost in the drilling of that well were not furnished to the defendant, but were a loss in the course of the plaintiff's performance of its contract. Such is not the condition of the case before this Court. The appellant, Ambox, Inc., was engaged to fabricate for the defendant, Stewart & Stevenson Services, Inc., metal housings for large electrical generators. The project consisted of much more than the fabrication of the metal housings and the responsibility for the entire project rested upon the defendant as the general contractor. Ambox, Inc. furnished Stewart & Stevenson Services, Inc. materials, upon which fabrication and labor had been performed, and without which the general project of Stewart & Stevenson Services, Inc. could not have been completed. The material furnished entitled Ambox, Inc. to recover reasonable attorney's fees under Article 2226 upon the obtaining of a judgment for the value of the materials furnished.

■ Having established a claim for reasonable attorney's fees under Tex.Rev.Civ. Stat.Ann. art. 2226 (1971) Ambox offered testimony supporting attorney's fees in the amount of $21,250. The appellant contends that judgment should not have been entered upon the jury's answer to special issue number five (5) which reads:

What do you find from a preponderance of the evidence is a fair and reasonable fee for the services rendered to Ambox, Inc. by its attorneys in connection with the claims involving generator housings and air scoops?

The jury answered "zero" to said special issue. The appellant challenges the jury's response to this special issue on grounds of the legal and factual sufficiency of the evidence.

It is the appellant's contention that the undisputed evidence established as a matter of law its claim for $21,250 in attorney's fees. The only testimony regarding attorney's fees came from counsel for the plaintiff and another practicing attorney from Harris County called by the plaintiff as an expert witness on the question of attorney's fees. It was their testimony that a reasonable attorney's fee for all of the time spent on the multiple claims made by the plaintiff, Ambox, Inc., would be $21,250. This evidence does not establish the plaintiff's claim as a matter of law. Prunty v. Post Oak Bank, 493 S.W. 2d 645 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). However, the jury's finding to special issue number five (5) is against the great weight and preponderance of the evidence. The cause is remanded for trial on the question of reasonable attorney's fees for services rendered to Ambox, Inc. in connection with the claim involving the generator housings and air scoops. Kost v. Lancaster, 414 S.W.2d 514 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); Fields v. Worsham, 476 S.W.2d 421 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

■ The appellee, Stewart & Stevenson Services, Inc., argues that the jury's finding of "zero" in response to special issue number five (5) reflects the jury's decision that the attorney's fees as shown by the plaintiff's evidence were not fair and reasonable because the legal work was not necessary. In effect, the appellee argues that the jury found that this law suit was made necessary by the plaintiff's conduct and not that of the defendant. ¯ The plaintiff, Ambox, Inc., at all times asserted a claim of $97,356.04 for extras. However,

the jury, following the trial of the case, awarded the plaintiff a total of $28,500 for such extras. The evidence indicates that Stewart & Stevenson Services, Inc. had offered to discuss with Ambox, Inc. its claims for extras. However, the answer of Stewart & Stevenson Services, Inc. to the petition of Ambox, Inc. for such extras contains a general denial and nothing more. An examination of the pleadings does not disclose an offer on the part of the defendant to pay to Ambox, Inc. the reasonable value of such extras; nor did the defendant tender to Ambox, Inc. what it considered to be the reasonable value of the air scoops and extra labor and material on the generator housings. The defendant, Stewart & Stevenson Services, Inc., offered testimony that the reasonable value of the air scoops was between $7,000 and $8,000 and that the reasonable value of the extra labor and materials relating to the generator housings was approximately $9,000. Article 2226 establishes the right of Ambox, Inc. to recover a reasonable amount as attorney's fees since it obtained judgment in the amount of $28,500 for such extras.

■  The third general class of point of error asserted by the appellant, Ambox, Inc., is concerned with the second cause of action alleged in its petition in which the plaintiff sought to recover $5,351.03 for the cost of special tools and dies and raw material to construct 154 fuel tanks. The jury found that the $10,000 payment made by Stewart & Stevenson Services, Inc. to Ambox, Inc. was made in full satisfaction and settlement of all claims involving the fuel tank purchase orders. The defendant had affirmatively pled accord and satisfaction in compliance with Texas Rules of Civil Procedure, rule 94. In establishing the defense, the defendant had the burden of showing the existence of a new contract, expressed or implied, wherein the parties agreed to discharge all existing obligations by a means of a lesser payment which was tendered and accepted. The facts must point to a meeting of the minds or assent of both parties. There must have been a clear communication to Ambox, Inc. that the tender of the $10,000 by Stewart & Stevenson Services, Inc. was upon the condition that acceptance would constitute satisfaction of the underlying obligation. Jenkins v. Henry C. Beck Company, 449 S.W.2d 454 (Tex.Sup.1969).

■  The evidence shows that the total bill for material delivered by the plaintiff to the defendant was $7,699.83. In return for the delivery of the material, the defendant tendered and the plaintiff accepted $10,000. The language used by the defendant, when it offered the $10,000 payment, was to the effect that the defendant would issue a check for $10,000 "in final satisfaction and settlement." This is sufficient evidence upon which a jury may reasonably conclude that an accord and satisfaction was reached by the parties.

After examination of all of the evidence, it is clear that there was sufficient evidence to support the jury's verdict on the issue of accord and satisfaction. Therefore, it is unnecessary for the Court to examine the appellant's remaining points of error dealing with the findings of the jury on the value of the tools and dies, or attorney's fees sought by the plaintiff on the second cause of action.

■  The appellee has raised one cross-point on this appeal contending that the trial court erred in failing to reform its judgment so as to deny appellant prejudgment interest. It has been established as the rule in Texas with respect to prejudgment interest that "where damages are established as of a definite time and the amount thereof definitely determinable, either by written instruments or by fixed rules of evidence and known standards of value, interest is recoverable as a matter of right from the date of the injury, and it is not necessary to submit the question to the jury." Texas Power & Light Co. v. Doering Hotel Co., 147 S.W.2d 897, 906 (Tex.Civ.App.—Austin), affirmed, 139 Tex. 351, 162 S.W.2d 938 (1942). The question in the case before this Court is whether or not the damages claimed were

of an amount which was definitely determinable as of May 1, 1970. At that time, the plaintiff had completed delivery of the generator housings and air scoops. There was a dispute as to the amount owed by the defendant to the plaintiff for extras and additions made to the units. The costs of those extras and additions became the subject of this law suit. The amount owed by the defendant was determined to be a total of $28,500. That amount was determined in a court of law under fixed rules of evidence and by known standards of value. The amount owed was a fixed amount. It was proper for the trial court to assess interest as of the date of the completion and delivery which was May 1, 1970.

The question of reasonable attorney's fees for services rendered to Ambox, Inc. by its attorneys in connection with the claims involving the generator housings and air scoops is severed and reversed and remanded. In all other matters, we affirm.

Affirmed in part and reversed and remanded in part.