**T. L. BULLARD, Appellant,**

v.

**CARROLL EQUIPMENT COMPANY, Appellee.**

**No. 5597.**

Court of Civil Appeals of Texas, Waco.

July 15, 1976.

Dillon, Giesenschlag & Sharp, John M. Delaney, Bryan, for appellant.

Elmer McVey, M. Charles Gandy, Don B. Mauro, Bryan, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Bullard from judgment for plaintiff Carroll for $2770. plus $900. attorney's fees.

Plaintiff sued defendant alleging defendant indebted to plaintiff for work, labor and services in the performance of bulldozer work and hauling gravel, and sought judgment for $3090. plus attorney's fees.

Defendant answered by general denial.

Trial before the court resulted in judgment for plaintiff for $2770. plus $900. attorney's fees.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

### FINDINGS OF FACT

1) Defendant and plaintiff made an agreement for plaintiff to clear land for defendant.
2) The agreement was that plaintiff would furnish a bulldozer and operator to clear such land for $20. per hour. The parties did not agree for a lump sum amount of $750.
3) For plaintiff to perform the agreement 86 hours of bulldozer time was required.
4) Plaintiff performed in good and workmanlike manner.
5) $1720. ($20. × 86 hrs.) was reasonable compensation for plaintiff's equipment and labor in performing such work.
6) Defendant further employed plaintiff to deliver and spread gravel, but there was no specific rate per load agreed on by the parties.
7) Plaintiff spread 70 loads of gravel for defendant in good and workmanlike manner.
8) $15. per load was a reasonable charge for same.

9) $1050. ($15. × 70) was a reasonable charge for delivering and spreading such gravel.
10) Plaintiff billed defendant and 30 days expired without payment.
11) Defendant has not paid until now.
12) $900. is a reasonable attorneys' fee.

### CONCLUSIONS OF LAW

1) Plaintiff is entitled to judgment for $2770.
2) Plaintiff is entitled to $900. as reasonable attorneys' fees as provided by Article 2226 VATS.

Defendant appeals on 8 points contending:

1) The trial court erred in awarding attorneys' fees because plaintiff's contract was for "a general service" as opposed to "personal services" or "labor", and was thus not authorized by Article 2226.
2) The trial court erred in not granting a new trial on the ground of newly discovered evidence.
3) The trial court's finding that $1050. was a reasonable charge for delivering and spreading the gravel is supported by no evidence and/or insufficient evidence.
4) The trial court's finding that the parties agreed plaintiff would be paid $20. per hour for land clearing work is contrary to the great weight and preponderance of the evidence.
5) The trial court's finding that the parties did not agree to a lump sum contract price of $750. is contrary to the great weight and preponderance of the evidence.
6) The trial court's finding that 86 hours of bulldozer time was required for the clearing work is contrary to the great weight and preponderance of the evidence.
7) There is no evidence to support the trial court's finding that $1720. was reasonable compensation for plaintiff's equipment and labor in performance of the land clearing.

Contention 1 asserts the trial court erred in awarding plaintiff attorney's fees.

Article 2226 VATS provides: "Any person, corporation * * * or other legal entity having a valid claim against a person * * * for services rendered, labor done, * * * may present the same * * *; and if, at the expiration of 30 days thereafter, the claim has not been paid * * * and he should finally obtain judgment for any amount * * *, he may, if represented by an attorney, also recover, * * * a reasonable amount as attorney's fees. * * *".

■ Thus the statute provides for attorney's fees for claims for 1) services rendered, and for 2) labor done. The undisputed evidence is that plaintiff cleared defendant's land with a bulldozer, and loaded, delivered and spread gravel on defendant's land. We think plaintiff performed services and labor for defendant within the meaning of Article 2226. *Mathews Const. Co., v. Jasper Housing Const. Co.,* CCA (Beaumont) NRE, 528 S.W.2d 323; See also: *Texcalco, Inc., v. McMillan,* CCA (Eastland) NWH, 524 S.W.2d 405.

Contention 2 asserts the trial court erred in not granting a new trial on the ground of newly discovered evidence.

■ At the trial plaintiff testified the agreement was that he would clear defendant's land with a bulldozer for $20 per hour; that it took 86 hours; and that defendant owed $1720. for the clearing of the land. Defendant testified that the parties agreed on a lump sum amount of $750. After the trial defendant filed motion for new trial on the ground of newly discovered evidence, and attached the affidavit of a Mr. Budnik that plaintiff told him that he "had agreed to do defendant's job for $750. and was losing money on the job". At the hearing on defendant's motion for new trial Mr. Budnik refused to testify to the facts stated in his affidavit. Defendant thus introduced no evidence on motion for new trial that he had newly discovered evidence.

It was necessary for defendant to introduce admissible competent evidence on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied on. *Jacobi v. Texas State Board of Medical Examiners,* CCA (Waco) NRE, 308 S.W.2d 261; *Anderson v. Griffith,* CCA (Ft. Worth) NRE, 501 S.W.2d 695. The trial court did not abuse his discretion in overruling motion for new trial on the ground of newly discovered evidence, since none was proved.

Contention 3 asserts the trial court's finding $1050. was a reasonable charge for delivering and spreading the gravel has no support or insufficient support in the evidence.

■ Plaintiff loaded, delivered and spread 70 loads of 6 cubic yards each of gravel on defendant's property, and charged $15. per load. Plaintiff testified the customary price for this type work was $3.50 per yard, but that since the distance here was a short haul he only charged $2.50 per cubic yard. We think the evidence ample to support the finding.

■ Contentions 4 and 5 assert the trial court's findings the parties agreed plaintiff be paid $20. per hour for land clearing, and not the lump sum of $750. are against the great weight and preponderance of the evidence.

Plaintiff testified to the $20. per hour agreement, and defendant's wife testified that the agreement was for a lump sum of $750. to do the land clearing work.

The trial judge must pass upon the credibility of the witnesses, and has believed plaintiff. The evidence is ample to sustain the trial court's findings.

■ Contentions 6 and 7 assert the trial court's findings that 86 hours of dozer work was required for the clearing work is against the great weight and preponderance of the evidence; and that $1720. was reasonable compensation for plaintiff's equipment and labor in performing the land clearing is supported by no evidence.

Plaintiff testified the dozer operated 86 hours in clearing the land. The plaintiff's version of $20. per hour was believed by the trial court; and $20. × 86 hours totals

$1720. The evidence is ample to sustain the findings.

All defendant's points and contentions are overruled.

AFFIRMED.