ROYLEX, INC., Appellant-Appellee,

v.

AVCO COMMUNITY DEVELOPERS, INC., Appellee-Appellant.

No. 1463.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1977.

Rehearing Denied Dec. 21, 1977.

---

5. The deceased was shown to be a peace officer.

George M. Bishop, Houston, for appellant-appellee.

Edmund L. Cogburn, Dow, Cogburn & Friedman, Houston, for appellee-appellant.

COULSON, Justice.

This is an appeal from a breach of contract suit by a subcontractor against a general contractor. The trial court found for the subcontractor and awarded him damages, but refused to award attorney's fees. Both parties appeal. We affirm in part, reverse in part, and reverse and render in part.

Roylex, Inc. (Roylex) was a subcontractor on a townhouse subdivision project, Villa Verde Townhouses, of which Avco Community Developers, Inc. (Avco) was both owner and general contractor. Roylex was employed to build streets, patios, and foundations at the project.

The agreement between Roylex and Avco consisted of three contracts. The first of these was initially oral, but was later reduced to handwriting, and later still was typed. The other two were printed form contracts supplied by Avco and dealt with foundation and street work respectively.

Disputes developed between the parties which they unsuccessfully attempted to re-solve. Roylex eventually filed suit for breach of contract, citing Avco's refusal to pay for work that had been done. Avco counterclaimed for damages as a result of Roylex's allegedly defective work. Both parties asked for an award of attorney's fees.

Roylex was successful in convincing the jury that it was entitled to be paid and judgment was entered on the amounts found. Avco appeals from that judgment. The court refused, however, to award Roylex attorney's fees, and computed the liquidated damages due Roylex under the printed form contracts in a manner which Roylex felt was incorrect. Roylex appeals from those parts of the judgment.

We will discuss Avco's points of error first, and then Roylex's.

In points of error one and two Avco attacks the jury's finding that Avco owed Roylex a total of $15,322.91, demonstrating that the award could not have exceeded $13,699.59. In establishing the excess, Avco cites clear and unequivocal statements made by the president of Roylex at the trial. These statements are binding on Roylex. Admissions in testimony of a party to a suit bind him and do not raise fact issues. *Stephenson v. O'Neal*, 433 S.W.2d 804 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *see Gevinson v. Manhattan Construction Co. of Okl.*, 449 S.W.2d 458 (Tex.Sup.1969). Our review of the record convinces us that Roylex could not have recovered over $13,699.59 for unpaid claims exclusive of amounts due for machine rental.

Avco's points of error one and two are sustained and the judgment is ordered reduced by $1,623.32.

Avco next complains that the jury's award improperly included increases for the price of steel. The oral contract between the parties contained a steel price escalation provision but the later, printed form, ones did not. Avco argues that Roylex collected increases for work done under the later contracts. Roylex, in turn, contends that all of the steel price increase charges it

made were for work done under the oral contract. It is clear that any charges made for work done under the later contracts violate the parol evidence rule and are improper.

■ Roylex charged Avco for steel price increases on 5264 square yards of street area and 44,226 square feet of slab area at a rate of ten cents per square foot (ninety cents per square yard). Although the evidence is confusing, we believe it was sufficient to justify the jury's conclusion that 4565 square yards of street were poured by Roylex before July 31, 1973, the date of the written contract dealing with street work.

That answer, however, further reduces the amount which Roylex could recover. Only 4565, not 5264, square yards of street were subject to the ninety cents per square yard steel price increase. The judgment is ordered further reduced by $629.10.

■ No special issues were submitted on when the slab or foundation work was done. We believe the evidence was sufficient to support the implied finding that it was all done under the oral contract.

In point of error fourteen Avco complains that the invoices by which Roylex sought to prove its claims were erroneously admitted into evidence since a proper predicate for their admission was not laid under Tex.Rev. Civ.Stat.Ann. art. 3737e (Supp.1976–77).

■ It is clear that before business records may be admitted into evidence it must be shown that the person who either made the record or transmitted the information to another to record had personal knowledge of the act, event, or condition recorded. *Skillern & Sons, Inc. v. Rosen,* 359 S.W.2d 298 (Tex.Sup.1962). Mrs. Teel, Roylex's bookkeeper, testified that she prepared the invoices in question based on information given her by the field supervisor, or someone else present at the project, and that the supervisor occasionally filled out invoices himself. She stated that the field supervisor was at the project site at all times and that because of this he had personal knowledge of the acts or events recorded in each of the invoices.

■ Avco notes that presence on a jobsite does not necessarily provide a person with personal knowledge of all that occurs there. It remains, however, that the judge drew such an inference from the evidence, and it is elemental that an appellate court will not overturn a trial court's finding of fact simply because different inferences or conclusions could have been drawn from the evidence, or even because the appellate court might have reached a different conclusion from that evidence. *Commercial Union Assurance Company v. Foster,* 379 S.W.2d 320 (Tex.Sup.1964). Mrs. Teel's testimony was sufficient to support the trial court's implied finding of fact that the requisite personal knowledge existed.

■ Avco also contends that the invoices were inadmissible since it was not established that they were made at or near the time of the act or event they record. This objection was not, however, made at the time the invoices were admitted into evidence; at the trial Avco limited its objection to the failure to prove personal knowledge. It is well established that grounds specified by an appellant in its objection at trial may not be enlarged on appeal to include other grounds not asserted at trial. *E. g., Kaufman Northwest, Inc. v. Bi-Stone Fuel Co.,* 529 S.W.2d 281 (Tex.Civ.App.— Tyler 1975, writ ref'd n. r. e.).

Avco's points of error fourteen and twenty are overruled.

■ In its fifteenth point of error, Avco argues that it was error to admit the testimony of another subcontractor that he had made a settlement with Avco since this was irrelevant to any issue in the case and was prejudicial. This contention is without merit. The statement was made in response to the question of whether Avco had paid him for·his work and was relevant to Roylex's claim that it had left the project because of non-payment. It also tended to establish Roylex's point that Avco's non-payment of its subcontractors was responsible for problems at the project.

■ In point of error nineteen, Avco asserts that Roylex should not be permitted to recover for building a patio at the private home of a city inspector since this was done as a personal favor to the inspector and was an illegal act. The simple answer to this is that illegality is present only in the contract between Avco and the city inspector, not in the contract between Avco and Roylex. There is no evidence that Roylex knew of the facts which made the transaction illegal, and it would be unjust to permit Avco to set up its illegal conduct as a bar to Roylex's recovery. *Graham v. Dean,* 144 Tex. 61, 188 S.W.2d 372 (1945).

In points of error seventeen and eighteen Avco argues that the evidence establishes that Avco was entitled to $9,519.72 in credit for steel it furnished to Roylex and not $8,406.33 as contended by Roylex. Two of the exhibits introduced by Avco contained the greater figure and are apparently initialed by Teel. The Roylex invoice which deals with this matter contains both figures, the lesser one typewritten and the greater one handwritten.

■ Avco asserts that Roylex put the invoice in evidence, that the handwritten term controls, and that Roylex is bound by that term. While handwritten terms in a writing generally control over printed or typed ones, the rule is not absolute; the matter is subject to explanation. Teel testified that the handwritten notation on the invoice did not constitute a concession that the greater amount was due Avco, but was instead merely a memorandum of what Avco was claiming. Moreover, he never admitted that the initials on Avco's exhibits were his own. In light of this testimony, we believe the issue of which figure was correct was properly left to the jury.

Points of error seventeen and eighteen are overruled.

Avco also claims that the jury's findings in special issues 9b through 9e conflict with its findings in special issue 3. Special issues 9b through 9e ask whether Avco had agreed to pay certain invoices. The jury answered that they had not. Special issue 3 asked how much Avco owed Roylex for work done, and materials and equipment furnished. The jury found a total of $15,322.91 was owed.

■ There can be no conflict between these answers since Avco's liability to Roylex was by no means conditioned on its agreement to pay the invoices. Avco could have refused to pay the invoices and still have owed Roylex for the work.

Point of error nine is overruled.

In points of error twelve and thirteen, Avco complains that the judgment is incorrect to the extent it makes an award for rental time on a front-end loader since there was either no evidence or insufficient evidence to support the jury's finding that Avco had agreed to pay that claim. As discussed above, agreement to pay a claim and liability on that claim are not the same thing. Points of error twelve and thirteen are overruled.

All of Avco's other points of error have been duly considered and are overruled.

■ Roylex, in its attack on the trial court's judgment, maintains that the court erred in failing to award it attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp.1976–77). We agree.

■ The evidence produced at trial conclusively establishes that Roylex presented its claim for services rendered, labor done, and material furnished, and that the claim had not been paid thirty days thereafter. The invoices Roylex sent Avco constituted a sufficient demand for payment. *See National Life & Accident Ins. Co. v. Dove,* 174 S.W.2d 245 (Tex.Sup.1943). Since the evidence on presentment was conclusive, that issue did not have to be submitted to the jury. *McDaniel v. Tucker,* 520 S.W.2d 543 (Tex.Civ.App.—Corpus Christi 1975, no writ). It is immaterial that part of the claim was for equipment time since that is properly included under article 2226. *Bullard v. Carroll Equipment Co.,* 539 S.W.2d 384 (Tex.Civ.App.—Waco 1976, no writ).

The argument that Roylex furnished a general service, the construction of streets and slabs, and is therefore beyond the scope of article 2226 is also without merit. When a person furnishes a part or piece of a final project, upon which fabrication and labor have been performed, and without which the general project could not have been completed, he is entitled to recover reasonable attorney's fees. *Ambox, Inc. v. Stewart & Stevenson Services, Inc.*, 518 S.W.2d 428 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.); *accord Pacific Coast Engineering Co. v. Trinity Const. Company*, 481 S.W.2d 406 (Tex.Sup. 1972); *Howard v. French-Brown Floors Co.*, 542 S.W.2d 709 (Tex.Civ.App.—Dallas 1976, no writ). The streets and slabs furnished by Roylex constituted parts and pieces of Avco's general project, the Villa Verde complex.

The reasonableness of attorney's fees of $7,000.00 for the trial and $2,000.00 for this appeal was stipulated by the parties, and is not in issue.

Roylex also complains that the trial court improperly computed the amount of liquidated damages due it under the printed form contracts. In a section dealing with termination without cause, each of the contracts provides that if the contractor terminates the subcontractor, the subcontractor will be entitled to the costs of the work completed plus 15% of that amount for overhead and profit, subject to a deduction for payments made to the subcontractor before termination.

The trial court interpreted this to mean that the payments already made should be deducted from the costs of the work completed and the 15% overhead and profit be figured on the difference. Roylex argues that the proper method is to add the total costs and 15% of that together, and then subtract the amount of the payments made.

We believe the court's interpretation is consistent with the contract terms and is preferable since it prevents a double recovery for profit and overhead.

Roylex's points of error two and three are overruled.

Affirmed in part, and reversed in part with instructions to reduce the amount of the judgment by $2,252.42, and reversed and rendered in part awarding $9,000.00 as attorney's fees to counsel for Roylex. The costs of this appeal are taxed equally to Roylex and Avco.

## ON MOTION FOR REHEARING

Avco's point number one on motion for rehearing is sustained.

In an order entered after the rendition of judgment, the trial court required a remittitur of $1,326.06, the amount awarded as liquidated damages. No appeal was taken from this order and no error assigned to it. Roylex's points of error two and three and the arguments made under them were limited to challenging the method of the original computation. Our decision overruling that challenge is unchanged.

All other points on rehearing are overruled.