**MARQUIS CONSTRUCTION CO., INC., Appellant,**

v.

**JOHNSON MASONRY, Appellee.**

No. 01–82–0570–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 1, 1983.

Rehearing Denied Jan. 26, 1984.

David D. Peden, Jr., Houston, for appellant.

Thomas W. Taylor, Houston, for appellee.

ON MOTION FOR REHEARING

OPINION

EVANS, Chief Justice.

We find that we erred in our original opinion, and we accordingly grant the appellee's (subcontractor's) motion for rehearing and affirm the trial court's judgment.

In our original opinion, we held that the trial court erroneously admitted the subcontractor's invoices into evidence and we concluded that this resulted in harmful error requiring a new trial on the damage issues. Our holding was based upon the premise that the subcontractor failed to prove the "underlying source" of such invoices and that such supporting data had not been made available to the opposing party. In support of our conclusion we cited *Hallmark Builders, Inc. v. Anthony,* 547 S.W.2d 681 (Tex.Civ.App.—Amarillo

1977, no writ). We concluded that the invoices were summaries of underlying business records which had not been produced, and that the subcontractor failed to establish the predicate required for their admission as business records under *Black Lake Pipe Line Co. v. Union Const. Co.*, 538 S.W.2d 80 (Tex.1976).

In its motion for rehearing, the subcontractor asserts that this court, in its original opinion, misapplied the rule established in *Black Lake*, and argues that the invoices themselves constituted the "underlying source" of its business data. On further consideration, we agree with appellee's argument.

In the recent case of *Grynberg v. Gwaltney*, No. 2–82–149–CV (Tex.App.—Fort Worth May 19, 1983) (not yet published), the Fort Worth Court of Appeals was faced with circumstances similar to those here. In that case, as in the case at bar, the trial court rendered judgment in favor of the plaintiff on the theory of quantum meruit. On appeal the defendant contended that the trial court had erroneously admitted, as business records, the invoices supporting the plaintiff's claim for labor and materials. The defendant argued, among other things, that the invoices were mere summaries of the underlying records. The Court of Appeals affirmed the judgment, finding that the invoices were not mere summaries of business records, but were, instead, the business records themselves. The court pointed to the plaintiff's testimony that he had been present "most of the time" at all of the various jobs and that "either he or one of his employees prepared the records ... and that each of them had personal knowledge of the information entered on such records." On occasion, when the owner was not present at the jobsite, he took his information "on a daily basis" from the crew foreman at the jobsite. The court stated:

> We think this case is factually similar to the case of *Roylex, Inc. v. Avco Community Developers, Inc.*, 559 S.W.2d 833 (Tex.Civ.App.—Houston 1977, no writ), where the court considered and discussed the introduction of documents under the Business Records Act. In *Roylex, supra*, the witness, a bookkeeper of the plaintiff corporation, testified that she prepared the invoices in question based upon information given her by the field supervisor and that the supervisor occasionally filled out invoices himself. The bookkeeper further testified that the field supervisor was at the project site at all times and that because of this, he had personal knowledge of the acts or events recorded in each of the invoices. The court held that such testimony was sufficient for the admission of the invoices as business records. This was the situation involved in the case now before this court.

*Grynberg v. Gwaltney, supra.*

We agree with the view expressed by the Fort Worth Court of Appeals in *Grynberg* that a business document may be admissible under the business statute, even though it represents a compilation of prior information. There is a natural hierarchy of records in any business. A business person may make notes on a desk calendar or on phone message slips, and later refer to them in making out daily or weekly business records. Such records, in turn, may then be used to prepare monthly billing statements for submission to business clients. Each level of entry is a "summary" and is a consolidation of the prior written notations, but each level is, nevertheless, a business record, made in the regular course, by a person with personal knowledge, at or near the time of the act, event, or condition or reasonably soon thereafter. Thus an invoice, which is in itself a business record, should not be treated as a summary of business records, and it is admissible if it otherwise meets the test of art. 3737e, sec. 1(c) Tex.Rev. Stat.Ann.; *Grynberg v. Gwaltney, supra.*

In our original opinion we noted that the subcontractor's owner, Mr. Buck Johnson, admitted on cross-examination that he was unable to personally verify all of the information set forth on the invoices because that was based, in varying de-

grees, on reports that he had received from his foreman and upon notes and other data that had been discarded. We conclude, therefore, that the invoices were inadmissible under the statute. After reviewing the record on rehearing we conclude that the testimony of the subcontractor's owner was sufficient to establish his personal knowledge of the information contained in the invoices, notwithstanding that some of his information was based upon oral reports from his foreman at the jobsite. *Grynberg v. Gwaltney, supra; University Savings & Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287 (Tex.1967). The facts that the witness had discarded some of the underlying notes, and that he could not specifically name the workers who had actually laid the bricks on a given date, did not render the evidence insufficient under the statute. Those matters affected only the weight of the evidence, not its admissibility. The owner's testimony was also sufficient to establish the invoiced cost of the materials. He testified that when he prepared the invoices, he simply counted the bricks in place and multiplied that number by the unit cost for bricks. This was sufficient compliance with the business records statute.

It was for the trial court to make a factual determination of the trustworthiness of the documents in question, and the court, in admitting the records into evidence, implicitly found that the owner's testimony provided satisfactory proof of each required element of the statute. *Wenk v. City National Bank,* 613 S.W.2d 345, 348 (Tex.Civ.App.—Tyler 1981, no writ). In reviewing the trial court's ruling, we may determine only whether there was sufficient evidentiary basis for the trial court's determination. The witness's lack of firsthand personal knowledge as to various items or services listed in the invoices affects only the weight of the evidence. Art. 3737e, sec. 2, *supra; University Savings & Loan Ass'n v. Security Lumber Co., supra.*

■ We therefore hold that the trial court did not abuse its discretion in admitting the invoices into evidence, and that the evidence is sufficient to support the trial court's judgment for the subcontractor on the theory of *quantum meruit.* Accordingly, we grant the subcontractor's first four points of error on motion for rehearing.

Because of the decision to reverse and remand in our earlier opinion, we did not reach the contractor's ninth and tenth points of error, asserting that it was entitled to recover on its counterclaim the sum of $6,465 as a credit for an overpayment made to the contractor. The contractor contends that this alleged overpayment on the contract should have been allowed as an offset against the jury's *quantum meruit* award for work done after the contract was completed.

■ The parties' contract expressly provided that the contract price due the subcontractor would be reduced by the amount of sales tax "actually paid by the contractor as the taxes are paid." The subcontractor concedes that the contractor was entitled to credit upon proof that it, rather than the subcontractor, actually paid sales tax. However, the subcontractor argues that the contractor's claim for credit of $6,465 cannot be sustained because there is no evidence that the contractor actually paid any amount as sales tax. The jury's response to the first special issue submitted determined, in effect, that all "offsets, credits and payments" had been taken into account and that there were no offsetting amounts due the contractor. Since there is no evidence establishing, as a matter of law, the contractor's right to a credit for payment of sales taxes, we overrule the contractor's ninth and tenth points of error.

The motion for rehearing is granted, our original judgment is vacated, and we affirm the judgment of the trial court.

DOYLE and COHEN, JJ., also participating.