# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00049-CV

**Greatland Equipment & Service Corporation, Appellant**

**v.**

**Lee County Ace Hardware, Appellee**

### FROM THE COUNTY COURT OF LEE COUNTY
### NO. 2694, HONORABLE ROBERT B. LEE, JUDGE PRESIDING

Greatland Equipment & Service Corporation ("Greatland") appeals from the judgment in favor of appellee Lee County Ace Hardware ("Ace") in Ace's breach of contract suit against Greatland. We will affirm the county-court judgment.

### Factual and Procedural Background

Ace extended credit to certain customers by creating a thirty-day account to be paid in full at the end of each month, with any unpaid balance incurring finance charges. As part of the application for such an account, companies were asked to furnish an initial list of the names of persons authorized to make charges on the account. Changes to that list of authorized people were kept on a card at Ace's cash register but not reflected by changing the initial application. Further, Ace reviewed charges as they were made according to whether an employee made the charges, whether the merchandise was compatible with the customer's business, and the amount charged.

Greatland opened such an account in 1989 with a list of three individuals authorized to make charges. However, charges for merchandise associated with Greatland's business were often made by employees of Greatland who were not those listed on the credit application and card.[1] Each month, Ace attached originals of the invoices which contained the signature of the person making those charges to the bills sent to customers. Greatland routinely paid those bills without raising any questions about the authority of the persons signing the invoices. In June 1996, it did not pay that month's account in full. It continued to make charges until September 1996, and made its last payment in March 1997, leaving an unpaid balance. Ace sent a collection letter to Greatland and, at the request of Greatland's attorney, supporting documentation. After receiving no response, Ace sued in Justice of the Peace Court. Judgment was rendered in Ace's favor after a bench trial. Greatland then appealed to the county court. After trial *de novo* before a jury, the county court rendered final judgment for $1456.57.[2]

In seven issues on appeal, Greatland contends that the trial court erred in the admission of certain evidence; erred in failing to submit certain questions and instructions; and, no or insufficient evidence supported certain jury findings.

---

[1] Everard Droemer, one of the owners and general manager of this Ace Hardware store and several other family businesses, estimated that more charges were made by employees not on the list than by the three on the list.

[2] Attorney's fees were also awarded: $4000 for trial; $3000 for an appeal to the Court of Appeals; $1500 if a petition for review is granted by the Texas Supreme Court.

**Discussion**

*Admission of Evidence*

We review the admission of evidence using an abuse of discretion standard. *Horizon /CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 345 (Tex. App.—Austin 2000, pet. denied). For the admission or exclusion of evidence to constitute reversible error, the complaining party must show that the trial court committed error and the error probably caused rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); *Auld*, 34 S.W.3d at 906; *Niemeyer v. Tana Oil & Gas Corp.*, 39 S.W.3d 380, 387 (Tex. App.—Austin 2001, pet. denied).

Greatland objected to the admission of the contract, the credit application, based on the "best evidence" rule. Tex. R. Evid. 1001-1009. Greatland contends that the offered copy was incomplete and not authentic. The document as introduced refers to an attachment that was missing, which Droemer said could not be found. However, the missing attachment was a list of credit references to obtain the account, and not relevant to the terms of the contract itself, the purpose for which it was introduced. The only basis for the objection to authenticity appears to be the missing attachment, not that the text of the application was not accurate. The authenticity referred to in the "best evidence" rule is that of the original, not the copy.[3] Further, Greatland did not attempt to

---

[3]    One commentary to Rule 1003 states that a controversy as to a document may arise as to terms or as to authenticity. With regard to terms, an accurate reproduction is satisfactory. "As to authenticity, however, the original may possess physical characteristics of the highest importance which no copying process can reproduce." 2 Steven Goode et. al., *Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal* 238 (quoting Cleary & Strong, *Evidence* 388 (3d ed. 1981)).

demonstrate that anyone associated with Ace lost or destroyed the original in bad faith. Therefore, Ace's witnesses could provide other evidence of the contents of the writing. *See* Tex. R. Evid. 1004(a). Droemer testified about the existence of and terms and conditions of Ace's credit accounts in general, and about Greatland's specific use of its account. The trial court did not abuse his discretion in admitting the copy. Even if its admission were error, it was not harmful in view of the other testimony. *See* Tex. R. App. P. 44.1(a)(1); *Auld*, 34 S.W.3d at 906. We overrule issue one.

In issue two, Greatland contends that the trial court erred in admitting exhibits two through eighteen because they were inadmissible hearsay. Exhibit two is a summary of the disputed charges. Exhibits three through ten are statements with attached invoices for the disputed charges. Exhibits eleven and twelve are demand letters sent by Ace to Greatland. Exhibits thirteen, fourteen, sixteen and eighteen are invoices with check stubs showing payment by Greatland.

Business Records. The business records exception to the rule excluding hearsay requires that the proponent demonstrate that the documents are records that are generated pursuant to a course of regularly conducted business activity and that the records are, "as a practical matter," always created by or from information transmitted by a person with knowledge, at or near the time of the event. Tex. R. Evid. 803(6); *Clark v. Walker-Kurth Lumber Co.*, 689 S.W.2d 275, 281 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e). The primary emphasis of the business-records exception is the reliability and trustworthiness of the records sought to be introduced. *Curran v. Unis*, 711 S.W.2d 290, 295 (Tex. App.—Dallas 1986, no writ). In reviewing the trial court's ruling, an appellate court's task is only to determine whether there was a sufficient evidentiary basis for the

4

court's determination. *Id.;Marquis Constr. Co. v. Johnson Masonry*, 665 S.W.2d 514, 516 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Ace, as the proponent of the evidence, testified through Droemer concerning the creation of the exhibits and laid a predicate for their admission. Further, Greatland's breach of contract defense was not based on the nonexistence or inaccuracy of the charges represented by these exhibits, but rather that the signatures on these same exhibits were not signatures of persons authorized to incur the charges. The trial court did not abuse his discretion in admitting exhibits two through ten. Similarly, exhibits eleven, twelve, thirteen, fourteen, sixteen and eighteen were admissible as business records.

Exhibit fifteen consisted of invoices for attorney's fees. However, counsel for Ace testified independently concerning the requirements for an award of attorney's fees without objection. Error, if any, in admitting exhibit fifteen was harmless in that other evidence on the same items was properly admitted. Exhibit seventeen was an internal memorandum created by Greatland, produced to Ace during discovery. Ace did not offer the document for the truth of the matters asserted in the document. Thus, exhibit seventeen was not inadmissible hearsay. Tex. R. Evid. 801(d). Having found no abuse of discretion in the trial court's admission of exhibits two through eighteen, we overrule issue two.

*Issues and Instructions*

In issue three, Greatland complains that the trial court erred in failing to submit to the jury an issue whether Greatland and Ace had entered into a binding contract, a charge-account

contract. Greatland argued that this issue should be submitted because there had been a failure of consideration. Failure of consideration occurs when, because of some supervening cause after an agreement is reached, the promised performance fails. *Bernal v. Garrison*, 818 S.W.2d 79, 84 (Tex. App.—Corpus Christi 1991, writ denied); *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, no writ). A controlling issue may be submitted to the jury only if it is supported by evidence. *Alaniz v. Jones & Neuse, Inc.*, 907 S.W.2d 450, 452 (Tex. 1995); *Triplex Comm., Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995). The evidence showed that Ace had extended credit to Greatland for several years on the same terms, and that Greatland had used the account and paid the bills submitted to it. There was no evidence of failure of consideration. We overrule issue three.

In issue four, Greatland contends that the trial court should have submitted an instruction that Greatland's failure to perform was excused by Ace's previous failure to comply with a material obligation. A trial court must submit the instructions and definitions necessary for the jury to render a verdict. Tex. R. Civ. P. 277. The trial court has wide latitude to determine the necessity and propriety of explanatory instructions and definitions. *H.E. Butt Grocery Co. v. Bilotto,* 985 S.W.2d 22, 23 (Tex. 1998); *Brookshire Bros., Inc. v. Lewis*, 997 S.W.2d 908, 921 (Tex. App.—Beaumont 1999, pet. denied). The trial court's charge need not and should not burden the jury with surplus instructions. *See Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex. 1984). "The only function of an explanatory instruction in the charge is to aid and assist the jury in answering issues submitted." *Union Oil Co. v. Richard,* 536 S.W.2d 955, 957 (Tex. Civ. App.—Beaumont 1975, writ ref'd n.r.e.).

Greatland had no pleading to support such an instruction; it pleaded failure of consideration. As discussed above, the evidence did not support an issue on failure of consideration. We overrule issue four.

### *Legal and Factual Sufficiency*

In its fifth, sixth, and seventh issues, Greatland contends there is insufficient evidence to support the jury's answers to questions one, two, and three concerning Greatland's breach of contract, damages, and attorney's fees. As an initial matter, Greatland failed to preserve any factual sufficiency issues for review by failing to challenge factual sufficiency in its motion for new trial. These portions of issues five, six, and seven are waived. *See* Tex. R. Civ. P. 324. The court reviews a "no evidence" point by considering all of the evidence in the light most favorable to the prevailing party, and indulges every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). If there is any evidence of probative force, *i.e.*, more than a mere scintilla, to support the findings, the appellate court will overrule the point. *In re King's Estate*, 244 S.W.2d 660, 661 (Tex. 1951); *Vannerson v. Vannerson*, 857 S.W.2d 659, 666 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

In its fifth issue, Greatland contends there was no evidence to support the jury's affirmative answer to the question whether it failed to comply with the terms of the charge account contract with Ace Hardware. Greatland complains that, even if the contract were properly admitted, it is not sufficient to support an answer that it failed to comply with its terms. Droemer testified about the existence of the contract, its terms, Greatland's long-time compliance with those terms by

7

paying its bills, and then its failure to pay those bills. The evidence was sufficient to support the finding. Similarly, in its sixth issue, Greatland complains there was no evidence to support the damages but there was both documentary and testimonial evidence as to the amount of the arrearage. We overrule issues five and six.

In its seventh issue, Greatland contends that there is no evidence to support the jury's finding concerning the amount of attorney's fees. At trial, and in its motion for new trial, Greatland only raised the issue that attorney's fees should not be awarded at all but did not raise an issue as to the reasonableness of the amount of fees. There was, however, sufficient evidence to support the jury's award.

Requests for attorney's fees must meet certain requirements. An award of attorney's fees should include the hourly rate and the hours expended. *Woollett v. Matyastik*, 23 S.W.3d 48, 52-53 (Tex. App.—Austin 2000, pet. denied); *Central Tex. Micrographics v. Leal,* 908 S.W.2d 292, 299 (Tex. App.—San Antonio 1995, no writ). Expert testimony is required to support an award of attorney's fees. *See Barrett v. Parchman,* 675 S.W.2d 289, 291 (Tex. App.—Dallas 1984, no writ). There was testimony from the attorney on the case as to the hours expended, the billing rate, the work done and the reasonableness and necessity of the services rendered and amount billed. We overrule issue seven.

## Conclusion

We have overruled Greatland's seven issues.  We affirm the county court's judgment.

_

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   February 28, 2002

Do Not Publish

9